SUBLETTE *v.* TINNEY *et al.*

In an action for relief on the ground of fraud, the fraud is the substantive cause of action, and not the discovery. If, therefore, the plaintiff alleges the fraud to have been committed more than three years before the commencement of his action, his cause of action is barred, and his complaint is demurrable.

If the plaintiff wishes in such a case to bring himself within the exception of the statute, he must allege the fact of a discovery of the fraud at a period bringing him within the exception.

When it appears upon the face of a bill in equity that the suit is barred by lapse of time, the defendant may demur.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

This was a bill in chancery brought to rescind a contract, on the ground of fraud.

To the bill a demurrer was interposed on the ground that the action was barred by the Statute of Limitation.

The Court below sustained the demurrer and dismissed the bill; and from its ruling the plaintiff appealed.

*Francis J. Dunn* for Appellant.

The action was not barred by limitation under our statute, and as the cause for which plaintiff sought relief was continuous from the time of the taking possession by defendants when the contract was made, down to the time of the commencement of the suit, no limitation could run. Pratt *v.* Vather, 9 Pet., 405; Hawley *v.* Crane, 4 Com., 717; Coleman *v.* Lynn, 4 Rand., 454; Johnson *v.* Johnson, 5 Ala., 90; Mitchell *v.* Thompson, 1 McLean's, 96, 146; Shields *v.* Anderson, 3 Leigh, 729; Prescott *v.* Hubbell, 1 Hill Cby. R., 210; Cram *v.* Prattier, 4 J. J. Marsh., 75; Raymond *v.* Simpson, 4 Blackf., 77; Provost *v.* Graty, 6 Wheat., 481; Mitchell *v.* Girard, 4 How., 503; Ward *v.* Van Bokelyn, 1 P. Ch. R., 100; Brown *v.* Brown., 1 Harp. Ch., 270.

There is no rule in equity that limits the time of the commencement of actions thereon to three years and three months, within which time this suit was brought.

*John R. McConnell* for Respondents.

The complaint sets forth the agreement or contract containing the transfer. It bears date January 21, 1854. This was the contract of sale. The cause of action accrued upon its execution. This suit was brought on the second day of March, 1857—over three years after the cause of action accrued. It is therefore barred by the Statute of Limitations.

The defence of the Statute of Limitations is as available in equity as at law. It may be taken advantage of by demurrer if it appears upon the face of the bill; and, if plaintiff be within any exception of the statute, it is incumbent on him to state it in the bill. Story's Eq. Pleadings, §§ 484, 751, 756; Hoare *v.* Peck, 6 Simons R., 51; Humbert *v.* Rector Trin. Church, 7 Paige, 197, 198; Smith *v.* Clay, Ambler's R., 645.

The only cases in which the Statute of Limitations has been held not to govern Courts of Equity, are those cases in which there is no legal remedy whatever; as in case of such trusts as can only be enforced in equity.

But it is absolutely settled that whenever a legal right of action exists in regard to the subject-matter of the suit, a Court of Equity will be governed by the analogy of the law.

FIELD, J., delivered the opinion of the Court—BURNETT, J., concurring.

The plaintiff seeks a recision and cancellation of a contract entered into between himself and the defendants, Tinney and

Casey, for the sale of certain interests in mining-claims; and, as the ground for the relief sought, alleges a false and fraudulent representation by them of the ownership and possession of the mining interests which they had agreed to transfer to him, and the transfer of which constituted the principal inducement to the contract. To the complaint the defendants demurred, relying, among other grounds, upon the Statute of Limitations. The contract was executed, and bears date on the twenty-first day of January, 1854, and this suit was commenced on the second of March, 1857. The seventeenth section of the Statute of Limitations provides that certain actions must be commenced within three years; and among others, " an action for relief, on the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."

The cause of action cannot be deemed to accrue upon the discovery of the fraud, in any other sense than that the statute will not be deemed to commence running until such period. Fraud is the substantive cause of action; upon its commission the right of action arises, not upon its discovery. The policy of the law is, that actions on this ground should be commenced within three years; but, that innocent parties may not suffer whilst in ignorance of their rights, the statute excepts them from the limitation until a discovery of the fraud. The latter clause of the section must, therefore, be construed as an exception merely to the general provision, and be pleaded as such. In the present case, then, the cause of action accrued upon the execution of the contract. As this was more than three years previous to the commencement of the suit, the cause of action was barred, and the objection being apparent upon the face of the complaint, could be taken advantage of by demurrer. If the plaintiff was within the exception of the statute, it was incumbent upon him to state it in his complaint. (Story's Equity Pleadings, §§ 484, 751; Hoare v. Peck, 6 Simons, 51; Kane v. Bloodgood, 7 John. Ch., 113.)

In Humbert v. The Rector of Trinity Church, (7 Paige, 197,) the defendants objected by demurrer that the remedy was barred by lapse of time; and Mr. Chancellor Walworth, in affirming the decree of the Vice-Chancellor sustaining the demurrer, said: "It was formerly doubted whether a defendant in equity could, by demurrer, make the objection that the remedy was barred by lapse of time, or whether he must not resort to his plea. But it now seems to be settled that, if it appears upon the face of the bill that the suit is barred by lapse of time, the defendant may demur; and that, if the case is within any of the exceptions of the statute, the complainant must state the fact in his bill."

The plaintiff in the case at bar has not by any allegations of

the complaint brought himself within the exception of the statute, and the demurrer was therefore well taken.

Judgment affirmed.