# EDWARD R. CARPENTIER *v.* THE CITY OF OAKLAND.

RIGHT TO SET UP EQUITABLE DEFENSE.—The defendant may set up an equitable defense in an action at law, but if he relies on an equitable right of action as a defense, he must plead the same as fully as if he were bringing an action in equity.

WHETHER DEFENSE IS LEGAL OR EQUITABLE.—It will sometimes be necessary to determine whether matters set up in defense are of a legal or an equitable character, for the purpose of arriving at the rights and attitude of the parties, and the principles upon which the relief is to be determined.

EQUITABLE DEFENSE.—An equitable cause of action, in order to be available as a defense, must be one that has not been barred by the Statute of Limitations.

DEFENSE AGAINST JUDGMENT IN SUIT AT LAW.—In an action at law upon a judgment of a Court of general jurisdiction, the defendant, as a matter of defense at law, cannot show that the judgment was fraudulently obtained, except by an examination of the record itself.

DEFENSE TO JUDGMENT OF COURT OF GENERAL JURISDICTION.—In an action upon a judgment of a Court of general jurisdiction, the defendant cannot show, as a matter of defense at law, that the Court did not acquire jurisdiction of the defendant, or. that its jurisdiction was fraudulently acquired, except by an. examination of the record.

INQUIRY INTO JURISDICTION OF A COURT.—While a Court of law may inquire into the jurisdiction of a Court of general jurisdiction by which a judgment was rendered, still that inquiry by the rules of evidence is restricted to an inspection of the record.

WANT OF JURISDICTION TO APPEAR AFFIRMATIVELY.—If it does not appear affirmatively upon the face of a record of a Court of general jurisdiction, that the Court had jurisdiction of the defendant, that fact will be presumed, unless the record shows affirmatively that no jurisdiction was acquired.

APPEARANCE OF AN ATTORNEY FOR A PARTY.—If an attorney appears for a defendant in a Court of general jurisdiction, this appearance gives the Court jurisdiction of the person of defendant, and if the attorney appeared without authority, that fact cannot be shown, as a defense at law, in a suit upon the judgment.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Edward Tompkins,* for Appellant, argued that in an action upon a judgment, fraud in the procurement of the judgment could be set up as a defense at law, and that relief against a fraudulent judgment could be obtained as well in this way as by a bill in equity filed for that purpose; and cited *Jackson* v. *Jackson,* 1 John. 432; *Andrews* v. *Montgomery,* 10 John. 163; *Borden* v. *Fitch,* 15 John. 144; 2 Parsons on Cont. 265; *Mitchell* v. *Kinzer,* 5 Barr, 217; *Roland* v. *Kreyenhagen,* 24 Cal. 59; and *United States* v. *Gomez,* 23 How. 726.

*Patterson, Wallace & Stow,* for Respondent, argued that a judgment of a Court of law of general jurisdiction, sued upon in an action at law, could not be attacked collaterally for alleged want of jurisdiction,. (jurisdiction appearing affirmatively on inspection of the record,) or for fraud or collusion in the procurement thereof; and cited *Wright* v. *Eaton,* 7 Wis. 607; *Robb* v. *Robb,* 6 Cal. 21; *Gibbons* v. *Scott,* 15 Cal. 285; *Corwithe* v. *Griffing,* 21 Barb. 14; 18 Pickering, 193; and *Coit* v. *Havens,* 3 Conn. 190.

By the Court, SANDERSON, J. :

Action commenced in April, 1860, upon a judgment in the Twelfth District Court, for five thousand three hundred and eighty-seven dollars and twenty-two cents, in favor of the plaintiff against the defendant, entered April 28th, 1855.   In the original action, process was served upon the Mayor of Oakland, March 9th, 1855, and the city appeared by an attorney, who answered.   The cause was referred by the Court to a referee, who took testimony and reported a judgment which was duly entered.   In the present suit upon that judgment, the defendant answered and set up that the official term of the Mayor on whom process in the former suit was served, had expired before such service was made ; that the employment of an attorney to defend that suit was collusive, and that the Court acquired no jurisdiction of the defendant.   On the trial of the present action, the Court offered to allow the defendant to amend its answer so as to set up a defense containing the averments which would be proper in a bill in equity seeking to cancel the judgment, but the defendant's counsel declined so to amend the answer, and thereupon the Court ruled out evidence as to whether the Mayor's term had in fact expired when service was made, or whether the attorney had rightfully or wrongfully appeared for the defendant, such evidence being held inadmissible under the answer ; to which the defendant excepted.   But at the special request of the plaintiff himself, the Court admitted evidence as to the alleged fraud and collusion between the plaintiff, the Mayor, and the attorney who appeared for the defendant in the original suit.

Before going into this evidence the plaintiff offered to open the former judgment to allow the defendant time to put in a new or amended answer, and to go to trial upon the issues to be raised by new pleadings in the original action and upon the original cause of action, on condition that the defendant would waive the Statute of Limitations as a defense, but the defendant declined the offer.   Testimony was thereupon introduced

56

on the question of fraudulent collusion, in the course of which the plaintiff offered in evidence a letter dated August 21st, 1855, with proof that it was delivered to the Common Council of Oakland at the time it bore date. The letter was signed by the plaintiff, and was directed to the Common Council of the City of Oakland, and notified them that the plaintiff had been informed that objections of an extraordinary nature had been made to a judgment recovered by him against the City of Oakland, and that on account of said objections he was willing to vacate the judgment and try the suit anew, the pleadings to be amended in any respect, at the option of either party, and the cause to be tried again without delay.

It was admitted that the Common Council had notice of the first judgment in August, 1855. The Court charged the jury that they had nothing to do with the record of judgment introduced in evidence, the force and effect of which the Court determined on inspection, nor with the other questions affecting the jurisdiction of the Court. But if the jury found that the judgment was obtained through fraud or collusion, the plaintiff not objecting to evidence on that point, then they should find a verdict for the defendant. The jury found a verdict for the plaintiff for ten thousand one hundred and forty-six dollars and thirty-nine cents, being the amount of the first judgment and interest.

The defendant excepted to the charge and decision of the Court ruling out evidence as to the sufficient service of process in the original suit, and as to whether the attorney rightfully appeared for the defendant therein. The defendant moved for a new trial, which was denied, and then appealed to this Court.

Under our system of practice a defendant is allowed to set up as many defenses as he may have, regardless of the question as to whether they are of a legal or equitable nature, because the distinction which exists under the common law system between actions at law and suits in equity and the forms thereof have been abolished. Whether a party is to seek his remedy or avail himself of his defense in law or

equity is no longer a question, for we have but one forum, which combines all the powers of a Court of law and a Court of chancery, and exercises both through the same forms, and may exercise both in the same action. Hence all necessity or occasion for cross actions, or a resort under certain circumstances to different forums for the purpose of finally settling judicial controversies has been removed, and the only question now is, ought the plaintiff to recover? To show that he ought not, the defendant may bring forward any matter, whether founded on law or equity, which, upon the principles of either law or equity, is sufficient to prevent a recovery. Whether the matter so brought forward is of a legal or equitable character, is of importance only as illustrating the real attitude and relative rights of the parties on the question of final relief, and the principles upon which the measure and character of the relief is to be determined. In this latter respect it may often happen that it will be necessary to determine whether a given defense is of legal or equitable origin.

While, however, the defendant is thus allowed to set up an equitable defense, or more properly speaking, to rely as a defense upon an equitable right of action, he must plead such defense as fully as if he were bringing a suit instead of defending one; or, in other words, when he seeks to avail himself of an equitable cause of action existing in his favor, as a defense to the cause of action alleged in the complaint, he must to that extent file an answer which in matter of allegation would be a good bill in equity under the old system. By this we do not desire to be understood as holding that he must conclude with a prayer for affirmative relief in order to make his defense available. If he is satisfied with a bare repulse of his adversary, there may be no good reason why he should be compelled to ask for more. All we mean is, that he must distinctly allege all the elements which constitute the equitable defense upon which he relies. Upon the point suggested we express no opinion. If, then, there were any reasons, founded upon either law or equity, why the plaintiff ought not to have the benefit of the judgment in suit, the

defendant was at liberty to urge them in this action. This is not only consistent with our code of procedure, but is consistent with the better reason.

It is proper to add that an equitable cause of action in favor of the defendant, in order to be available to him as a defense, must be a live equity, precisely the same as if he was seeking relief upon it in a separate action; that is to say, one which has not been barred by the Statute of Limitations; for if the plaintiff is so inclined he may protect himself against this counter attack of the defendant by taking shelter behind the statute the same as he could have done had the defendant initiated the controversy. Of this the present case affords an illustration if we assume the fraud and covin alleged in the answer to be an equitable defense. Upon that theory the defendant, under the Statute of Limitations, would have been bound to bring his action to set aside the judgment within three years after the discovery of the fraud, and if the complaint for that purpose had been filed more than three years after the judgment was rendered he would have been bound to allege a discovery of the fraud within three years next preceding the commencement of the action. (*Sublette* v. *Tinney*, 9 Cal. 423.) So when he seeks to avail himself of the supposed fraud as a defense merely, if it appear that the fraud was actually committed more than three years before the filing of his answer, as in this case, his answer will be bad on demurrer unless it contains an allegation that the supposed fraud was not discovered by him until within three years next preceding the filing of his answer.

In this case the plaintiff filed no demurrer to the defense of fraud, doubtless for the reason that counsel for the defendant claimed that the fraud alleged by him was a legal and not an equitable defense, and therefore unaffected by the Statute of Limitations. We are inclined to the opinion that this view of the learned counsel for the defendant was forced upon him by the necessities of his position rather than his mature judgment.

Under the circumstances of the case and in view of the rule that, under our system of practice, an equitable defense can

be pleaded to an action at law, there could have been no occasion for a controversy over the question whether the defense alleged in the answer was of a legal or equitable origin except with reference to the Statute of Limitations. But in view of the statute, counsel could not admit that his defense was of an equitable origin without also admitting that whatever it may have once been, whether good or bad, it was no longer available, if the plaintiff should call the statute to his aid. Hence, doubtless the controversy in the Court below and its continuation here, for counsel for the defendant still insists that fraud and want of jurisdiction may be shown *aliunde* for the purpose of defeating an action at law upon a judgment of a Court of general jurisdiction, and upon that issue stakes the fate of his case.

Accepting the theory of counsel for the defendant and by it determining the character and sufficiency of the defendant's answer, the Court below refused to allow him to prove his alleged fraud, but offered in effect to allow him to do so if he would so amend his answer as to rely upon his defense as an equitable defense, which proposition was declined.

This ruling constitutes the only error assigned which we deem it necessary to notice. It was the pivot upon which the whole case turned and embodies the theory upon which it was tried. Counsel for the defendant does not claim that he has an equitable defense, but on the contrary contends that it is a legal defense, and that the Court erred in not allowing him to prove it as such. We accept the theory of counsel and shall therefore confine ourselves to the simple question as to whether, at common law, in an action of debt upon a judgment of a Court of general jurisdiction, the defendant could show fraud, or a want of jurisdiction *aliunde.*

The question is in our judgment too well settled by authority to require any argument founded on principle. Mr. Chitty states the rule to be that neither the defendant himself, nor his bail or sureties, can plead that the judgment was obtained against him by fraud, though it may be pleaded that a judgment against a third person was so obtained. (1 Chitty on

Plead. 486.) The reason of the distinction is obvious. In the one case the party is in a position to obtain a reversal or a perpetual stay, and in the other he is not. The validity of the judgment cannot be collaterally attacked on the ground of fraud; nor can it be attacked on the ground that the Court had no jurisdiction, whether the supposed want of jurisdiction is alleged as an element of fraud or not, unless the want of jurisdiction appear upon the face of the record. The maxim of the law is that the judgment of a Court of general jurisdiction imports absolute verity and its truth cannot be questioned, either by showing otherwise than by the record itself that the Court had no jurisdiction, or that its jurisdiction was fraudulently procured. Both upon the merits of the cause of action and upon all jurisdictional facts the record imports absolute verity in law and is to be tried by the Court on inspection of the record only. Hence at law the validity of the judgment can be put in issue by the plea of *nul tiel record* only, and if on inspection it turns out that the plea is not true there is an end of the controversy. If its validity is to be impeached from without some other appropriate remedy must be sought. (*Coit* v. *Sheldon*, 1 Tyler, Vermont, 300; *Town of St. Albans* v. *Bush*, 4 Vt. 58; *Town of Huntington* v. *Town of Charlotte*, 15 Vermont, 46; *Granger* v. *Clark*, 22 Maine, 128; *Anderson* v. *Anderson*, 8 Ohio, 108; *Cook* v. *Darling*, 18 Pick. 393; *Coit* v. *Haven*, 30 Conn. 190; *Mills* v. *Duryee*, 7 Cranch, 481.)

In the present case the defense of *nul tiel record* is not made nor could it have been sustained if made upon the facts of the case. On inspection the record shows that the defendant appeared by attorney and thereby placed itself within the jurisdiction of the Court. If, as alleged, the attorney appeared without authority, that fact cannot be shown in a suit at law upon the judgment. Courts of law hold the record conclusive and uphold the validity of the judgment, notwithstanding, leaving the defendant to his remedy against the attorney for damages, if solvent, or to his remedy in equity if insolvent. (*Hoffmire* v. *Hoffmire*, 3 Ed. Ch. R. 173; *Ward* v. *Barber*, 1

E. D. Smith, 423; *The American Insurance Co.* v. *Oakley*, 9
Paige, 496; *Coit* v. *Sheldon, supra*; *Town of St. Albans* v.
*Bush, supra.*)

The doctrine contended for by counsel for the defendant to
the effect that if a judgment be obtained by fraud, or be ren-
dered by a Court not having jurisdiction, it may be treated by
the defendant as an absolute nullity from the start, and that it
is competent for him to show *aliunde* that he was not amenable
to the jurisdiction of the Court as a matter of defense at law
to an action brought upon the judgment, cannot be sustained
upon principle or authority.   That fraud vitiates everything,
including the judgments and decrees of Courts, and that judg-
ments rendered by Courts not having jurisdiction are null and
void are expressions running through all the books it is true.
These expressions, however, are but the expressions of abstract
truths and are to be understood in a qualified sense.   They
mean nothing more than that such is the case when the fraud
and the want of jurisdiction has been made to appear in the
proper mode and by competent evidence.   Until the fraud or
the want of jurisdiction has been shown in the proper mode
and according to the rules of evidence, it cannot be said in a
strict legal sense that the judgment is void; for it has the form
and semblance of a valid judgment, and may be enforced as
such until reversed or set aside by some appropriate proceed-
ing.   When it is said, generally, that the jurisdiction of the
Court may be inquired into whenever and wherever a party
seeks the benefit of a judgment rendered by it, nothing more
is meant than that it may be inquired into to the extent and
in the manner allowed by the rules of evidence, and such lan-
guage is to be understood as qualified by the no less broad
and well settled rule that in an action at law on such judgment
the defendant cannot impeach the judgment on the ground of
fraud nor for the want of jurisdiction, unless they appear upon
the face of the record.   Thus the power of a Court of law to
inquire into the jurisdiction of the Court by which the judg-
ment was rendered is fully recognized and the general language
used in the books justified, but the inquiry is limited to an

inspection of the record, and if it does not appear affirmatively upon the face of the record that the Court had no jurisdiction, the impeachment for all the purposes of a defense to the action at law has failed. And this is so whether it appears affirmatively upon the face of the record or not that the Court had jurisdiction, for if it does not so appear the presumptions of law, which are always in favor of the jurisdiction and of the regularity of the proceedings of Courts of general jurisdiction, proceeding according to the course of the common law, come to the aid of the record. This rule is a branch of the doctrine of *res adjudicata* and is founded upon the broad principle that the good order and peace of society require that there should be an end to litigation. (*Chemung Canal Bank* v. *Judson,* 4 Selden, 254.)

The question which we have considered covers substantially all the exceptions taken and relied on for the purposes of the motion for a new trial. The other points relate to the action of the Court in first awarding a judgment payable in coin, and subsequently so modifying it as to leave it payable in any kind of lawful money. These points we deem it unnecessary to notice further than to say if the errors alleged were committed, the defendant has obviously not been prejudiced by them.

Order and judgment affirmed.

Mr. Justice Shafter, being disqualified, did not participate in the decision of this case.