### JAMES M. YOUNG v. ELIHU WHITTENHALL.

1. STATUTE OF LIMITATIONS; *Action for Relief.* Section 18 of the code, which provides, among other things, that "An action for relief on the ground of fraud" can only be brought within two years after the cause of action shall have accrued, and that "the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud," applies to actions for *damages* founded upon fraud, as well as to actions for *equitable relief* founded upon fraud.

2. ——— *Petition; Sufficiency; What must be Alleged.* Where the petition in such a case shows upon its face that the fraud upon which the cause of action is founded was consummated more than two years before the commencement of the action, the plaintiff must further set forth in his petition that he did not discover the fraud until within less than two years before the commencement of the action, or his petition will be held defective on demurrer.

*Error from Nemaha District Court.*

JUDGMENT was given in favor of the defendant, at the April Term 1874 of the district court, upon his demurrer to the plaintiff's petition. The plaintiff brings the case here on error. All the necessary facts are stated in the opinion.

*Nathan Price*, and *W. D. Webb*, for plaintiff.

*W. W. Guthrie*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error, who was also plaintiff below, set forth in his petition below, in two separate

counts, two supposed causes of action. The defendant demurred to said petition, and to each count thereof, on the ground that neither of them stated facts sufficient to constitute a cause of action. The court below sustained the demurrer. Said supposed causes of action are founded upon certain alleged false and fraudulent representations made by the defendant for the purpose of inducing the plaintiff to purchase certain real estate from the defendant, and which did so induce the plaintiff so to purchase said real estate. The plaintiff still retains the land purchased, and now sues for the damages claimed to have resulted from said alleged false and fraudulent representations. Said alleged false and fraudulent representations were made, and the land purchased, on May 22d 1871. This suit was commenced September 5th 1873. The first question raised, and to be considered by this court, is, whether said supposed causes of action are not 1. Statute of limitations. Action for relief. barred by the statute of limitations. Subdivision 3 of § 18 of the civil code provides among other things, that "an action for relief on the ground of fraud" can only be brought within two years after the cause of action shall have accrued, and "the cause of action in such case shall not be deemed to have accrued until after the discovery of the fraud." It is contended by plaintiff that this statute does not apply to the case at bar, because this statute applies only to actions for "relief," while the plaintiff claims that this action is not for "relief," but for *damages*. The claim of the plaintiff is not tenable. This is an action for relief, in the nature of damages, and for such relief as comes within such statute. If this action is not for relief, and such an action as may be barred by such statute of limitations, then there is no statute of limitations for this class of actions. The claim of the plaintiff is substantially this: An action for equitable relief founded on fraud comes within the statute, and is barred in two years; but an action for legal relief, founded on fraud, does not come within the statute, and is therefore never barred. In other words, all the entrances to a court of equity are closed in two years, for all actions founded on fraud; but

courts of law are kept open for such actions forever. This claim is not tenable. The second count of the petition shows beyond all doubt that the cause of action set forth in that count is barred. The alleged fraud was consummated on May 22d 1871. The plaintiff knew of it at least as early as August 1st 1871, for on that day he bought in the adverse claims which he now contends the defendant fraudulently represented that he had obtained and conveyed to the plaintiff. · And this suit was not commenced until September 5th 1873.

But with respect to the first count of the petition, a much more difficult question arises. That count does not show affirmatively when the plaintiff first obtained knowledge of the fraud alleged to have been perpetrated upon him; and therefore, it does not show affirmatively, unless by presumption or implication, when the statute of limitations commenced to run against the cause of action stated in such count. The cause of action stated therein was of course complete on the very day that the alleged fraudulent transaction was finally consummated; but for the purposes of the statute of limitations the cause of action is not to be deemed to have accrued until the discovery of the fraud by the party aggrieved. That is, in such actions, although the cause of action is perfect on the very day that the fraud is consummated, yet the statute of limitations does not begin to operate upon such cause of action until the fraud is discovered. Or in other words, the want of a discovery or knowledge of the fraud constitutes one of the exceptions which take the case out of the operation of the statute. Now, whose duty is it to plead this exception? And in what pleading must it be stated? It has always been the duty of the plaintiff, both in courts of law and in courts of equity, to plead the exceptions, where the question of the statute of limitation has been properly raised by the defendant. And it never was the duty of the defendant in such a case to negative the exceptions. (*Zane v. Zane*, 5 Kas. 137.) The most that has ever been required of

*2. Petition. Allegation of discovery of fraud.*

a defendant, has been, to require him to plead the statute, and even then, as in all other cases, it then devolved upon the plaintiff to plead the exceptions which he believed would take the case out of the operation of the statute. And in equity practice, and under the various codes where the bill or petition shows that the claim of the plaintiff is barred by the statute, it always devolves upon the plaintiff to plead the exceptions in his bill or petition, or the same will be considered defective on demurrer. The exact question we are now discussing has been decided in California: *Sublette v. Finney,* 9 Cal. 423; *Boyd v. Blankman,* 29 Cal. 20, 44; *Carpentier v. City of Oakland,* 30 Cal. 444. In the first case the court say: "The seventeenth section of the statute of limitations provides that certain actions must be commenced within three years; and among others, an action for relief, on the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. The cause of action cannot be deemed to accrue upon the discovery of the fraud, in any other sense than that the statute will not be deemed to commence running until such period. Fraud is the substantive cause of action. Upon its commission the right of action arises, not upon its discovery. The policy of the law is, that actions on this ground should be commenced within three years; but that innocent parties may not suffer while in ignorance of their rights, the statute excepts them from the limitation until a discovery of the fraud. The latter clause of the section must, therefore, be considered as an exception merely to the general provision, and be pleaded as such. In the present case, then, the cause of action accrued upon the execution of the contract. As this was more than three years previous to the commencement of the suit, the cause of action was barred, and the objection being apparent upon the face of the complaint, could be taken advantage of by demurrer. If the plaintiff was within the exceptions of the statute, it was incumbent upon him to state it in his complaint." (9 Cal. 425.)

We do not think the court below erred in sustaining said demurrer. The petition showed upon its face that the fraud upon which the cause of action is founded was consummated more than two years before the commencement of this action; and the petition did not show that the plaintiff did not discover said fraud until within less than two years before the commencement of this action. The only allegation of the petition that has the slightest reference to such a showing is as hereafter stated. The alleged fraud was concerning the boundary lines of the land purchased by the plaintiff. And the said allegation is as follows: "On said day [when said land was purchased] the plaintiff was, always before had been, and for a long time thereafter remained, ignorant of the boundary lines of said land, except as hereinafter stated, to-wit: that all knowledge he had in regard to the boundary lines of said land, before the sale was negotiated, he obtained from the defendant at the time he purchased said land." This allegation does not pretend to show when the plaintiff discovered that the boundary lines were different from what he had previously believed them to be, and it does not pretend to show that such discovery was made within less than two years before the commencement of this action. We therefore think the petition is defective in stating a cause of action which appears to be barred by the statute of limitations.

The judgment of the court below must therefore be affirmed.

KINGMAN, C. J., concurring.