William A. Conkey *et al.*

*v.*

Sarah F. Knight *et al.*

104  337
153  490

104  337
51a  477

104  237
74a  299

104    337
204    144

*Filed at Springfield September 28, 1882.*

Appeal—*whether freehold is involved.*   On creditor's bill to set aside certain deeds as fraudulent, and subject the lands thereby conveyed to the payment of the judgments against the grantor, no freehold is involved, and therefore no appeal lies directly from the trial court to this court, from a decree setting aside such deeds as fraudulent, and ordering a sale of the property.   Such appeal should be taken to the Appellate Court.

Appeal from the Circuit Court of Champaign county; the Hon. C. B. Smith, Judge, presiding.

Mr. J. O. Cunningham, for the appellants.

Mr. Geo. W. Gere, Mr. F. G. Jacques, Mr. J. R. Ray, and Mr. J. W. Sim, for the appellees.

Mr. Chief Justice Scott delivered the opinion of the Court:

This was a creditors' bill, and was brought by Sarah F. Knight, and other creditors of the estate of Otis M. Conkey, deceased, against S. W. Custer, administrator of the estate of the intestate, and the sureties on his official bond.   It is represented in the bill, that each of complainants and the intervening petitioners had obtained judgments at law against the administrator and his sureties on his bond, in sums specifically named, upon which executions had been issued, and returned *nulla bona.*   It is further alleged, that in a proceeding had in the county court, it was ordered that the administrator pay all claims against the estate in full, except those of the seventh class, and of this latter class of claims that he pay a dividend of sixty per cent,—which order was, on appeal to the circuit court, on the 10th of May, 1879,

affirmed, and which order is still in force. It is also further alleged, that at the time of the affirmance of the order of the county court, but before complainants obtained their judgments at law, the sureties on the administrator's bond were owners of real estate of great value, which they afterwards conveyed to parties who are made defendants to the bill. It is charged these conveyances were all made without any valuable consideration, and with a view to hinder and delay complainants in the collection of their judgments against the grantors, and for that reason were fraudulent and void as to them. After filing their answers to the original bill, defendants Conkey, Yeazel, Swearingen and Ocheltree, all of whom were sureties on the administrator's bond, filed a cross-bill, in which they represented there was not, in fact, the amount in the hands of the administrator, subject to distribution among creditors of the seventh class, as found by the county court, and the circuit court on appeal, and asked to have a re-statement of the accounts of the administrator taken, so as to conform to what is alleged to be the exact fact. On the hearing of the cause, the circuit court sustained a demurrer to the cross-bill, and dismissed it for want of equity, and decreed relief on the original bill, finding by its decree that the several conveyances of lands by the judgment debtors were fraudulent as to complainants, and that the lands were subject to the executions issued on complainants' judgments, and unless the sums due thereon were paid within a time fixed, it was decreed the lands of the judgment debtors should be sold in the usual mode of making such sales, with the usual privilege of redemption secured by statute. From that decree complainants in the cross-bill asked and obtained an appeal directly to this court. None of the other defendants joined in the appeal.

It would seem, in a case of this kind, the real question involved is, whether the lands can be subjected to the payment of the indebtedness of the judgment creditors. Pay-

ment of the several judgments, or a redemption of the lands in case a sale should be made, would relieve the lands entirely from all claim of complainants, so that it can not now be ascertained whether the title will ever be affected. How, then, is a freehold involved, any more than in a proceeding to subject the mortgaged premises to the payment of the debt secured? So far as the original bill is concerned, a case analogous in principle is *Clement* v. *Reitz,* 103 Ill. 315, and it was held in that case, as no freehold was involved the appeal should be dismissed.

The matters alleged in the cross-bill relate only to the amount of assets adjudged to be in the hands of the administrator, and of course involve no question that would give this court jurisdiction in the first instance to hear the appeal. The appeal should have been taken to the Appellate Court.

As this court has no jurisdiction to hear the appeal, it must be dismissed.

*Appeal dismissed.*