[No. 12809.   In Bank. — October 30, 1888.]

ANNETTE L. JENNESS, APPELLANT, v. J. J. BOWEN
ET AL., RESPONDENTS.

CONTEST OF RIGHT TO PURCHASE SCHOOL LAND — STATUTE OF LIMITATIONS —
FILING COMPLAINT — JUDGMENT ROLL — APPEAL. — When the complaint
in a contest involving the right to purchase school lands from the state
is verified as of a date within sixty days from the order of reference, and
there is nothing on the face of the complaint to show that it was filed too
late, and no evidence appears in the judgment roll as to the time of fil-
ing, it will be held upon appeal that a demurrer sustained upon the
ground that the complaint was not filed in time was improperly sus-
tained.   The statute of limitations can be reached by demurrer only
when the complaint clearly shows on its face that the action is barred.

ORDER DENYING MOTION TO VACATE JUDGMENT — REVIEW ON APPEAL —
BILL OF EXCEPTIONS — RULING ON DEMURRER. — An order denying a
motion to vacate a judgment cannot be reviewed on appeal from the
judgment; nor can a bill of exceptions to the proceedings of the court
upon the hearing of such motion, which is incorporated in the transcript,
be considered in order to sustain the ruling of the court upon a demurrer.

UNDERTAKING ON APPEAL — TIME OF FILING — SUNDAY. — When the last
day for filing an undertaking on appeal falls on Sunday, an undertaking
filed on the day following is in time.

APPEAL from a judgment of the Superior Court of
Kern County.

The facts are stated in the opinion of the court.

*F. D. Nicoll,* for Appellant.

*C. C. Cowgill,* and *S. F. Leib,* for Respondents.

WORKS, J.—This is a contest involving the right to
purchase school land from the state.

The contest was certified to the superior court of Kern
County by the surveyor-general, on the eighth day of
March, 1887.

There is a demurrer to the complaint, on the ground
that it "appears therefrom that the cause of action ac-
crued more than sixty days previous to the commence-
ment of the action," and that it "appears from said

complaint that the cause of action therein stated is barred by section 3417 of the provisions of the Political Code."

The section of the code referred to requires the complaint to be filed within sixty days after the order of reference is made.

We may infer from subsequent proceedings appearing in the transcript, and what is said in the briefs, that the complaint was sent to the clerk by mail for filing, and reached him in time, but the fee for filing was not paid; that the clerk wrote requesting payment of the fees, which were forwarded, and when received he indorsed the complaint filed as of that date, which was after the expiration of the sixty days. But none of this appears in the judgment roll. The complaint is verified as of a date within the sixty days. There is nothing on the *face* of the complaint showing that it was filed too late. If we could look to the indorsement on the *back* of the complaint in order to uphold the demurrer, we cannot do so here, for the reason that if there was such an indorsement, it is not made part of the record.

The rule is well established that the question of the statute of limitations can be reached by demurrer only where it clearly appears upon the face of the complaint that the action is barred. (Code Civ. Proc., sec. 430; *Sublette* v. *Tinney*, 9 Cal. 423; *Farris* v. *Merritt*, 63 Cal. 118; *Harmon* v. *Page*, 62 Cal. 448.)

As there is nothing on the face of the complaint to show that the action was barred, and no evidence in the judgment roll of the time of filing, we must hold that the demurrer was improperly sustained. There was judgment rendered in favor of the defendants on the demurrer. Subsequently, the plaintiff applied to the court for an order vacating the judgment, on the ground that the complaint was actually filed in time, but was indorsed filed as of a later date. The application was heard upon affidavits, and denied. A bill of exceptions

set out in the transcript contains the proceedings of the court below and the evidence given at the hearing of the motion.

The appeal is from the judgment alone. Counsel for respondents contend, and we think correctly, that we cannot consider the correctness of the order denying the motion to vacate the judgment upon an appeal from the judgment. But while counsel contends that the matters set out in the bill of exceptions cannot be considered on the appeal taken, he asks us to refer to the same matters, in order to sustain the ruling of the court on his demurrer. Such an inconsistency on the part of counsel may be pardoned, but the court cannot become a party to it.

The respondent contends that the appeal should be dismissed on the ground that the undertaking on appeal was not filed within five days after the service of the notice of appeal.

The notice was served June 19, 1888; the 24th, which was the last day for filing the undertaking, fell on Sunday, and the undertaking was filed on the day following. This was in time. (Code Civ. Proc., sec. 12.)

For the error in sustaining the demurrer to the complaint, the judgment is reversed, with instructions to the court below to allow the plaintiff to amend her complaint.

SEARLS, C. J., SHARPSTEIN, J., McFARLAND, J., PATERSON, J., and THORNTON, J., concurred.