Buricet, J.
The first claim made by plaintiffs in error is, that the court erred in overruling the demurrer to the amendment to the petition, for the reason that said amendment contains the averment that said creditors had no' knowledge of the lack of consideration for the conveyance set out in plaintiff’s petition, nor of the fraudulent intent therein set forth, until a time .within four years prior to the filing of said petition; and it is claimed that this is not a sufficient averment to avoid the statute of limitations; that the amendment to the petition should have contained a statement of the time at which the discovery of the fraud was made, and how it was discovered. This is a matter of pleading under our code and must be determined by the rules of pleading under the Code of Civil Procedure, and not by the rules of equity pleading as administered by the courts of chancery in England and this country. Hence the Indiana cases cited by counsel, as well as the cases in equity in the federal courts, are not applicable to the question here presented.
The complainant in equitj7 was permitted to state in his bill, as well the facts constituting the cause of his action, as the evidence of those facts, and the circumstances tending to establish them. But these rules of pleading were expressly abolished by our code; and, as if to emphasize the matter, the code provides that the forms of pleading and the rules by which their sufficiency shall be determined, are those prescribed by this code.
Whatever may have been necessary when the chancellor refused to give relief against wrongs of long standing, unless the plaintiff disclosed in his bill, due diligence in not only ascertaining his rights, but also in discovering the fraud of his adversary, and when, therefore, the conduct of the plaintiff was as important as that of the defendant in *217 determining plaintiff’s right to relief, we think no such rule of pleading obtains under our Code of Civil Procedure.
The statute fixes the limitation, and it is not left, as formerly, to the discretion of the chancellor. It is not a question of diligence or conduct in the discovery of the fraud, but a question of time as to the discovery of the same, that is, not as to the specific day of discovery, but as to whether the fraud was discovered within four years before the action was brought.
The ultimate facts should be averred in a petition under the code, and not the circumstances and evidence from which such facts might be inferred. The ultimate fact in this class of cases is, that the fraud set out in the petition was not discovered until within four years before the action was brought. As the petition shows that the cause of action accrued more than four years before the action was brought, it is necessary for the plaintiff, in order to bring himself within the saving exception of the statute, to plead the facts which bring him within the exception, viz: that he did not discover the fraud until within a period of four years before the action was brought.
We think the case of Combs v. Watson, 32 Ohio St. 228, states the true rule, and that all that is necessary, in such case, is to state that the fraud was not discovered until within four years before the action was brought; and that it is not necessary, as against a demurrer, to state the exact date at which the fraud was discovered, nor what acts of diligence plaintiff used to discover the fraud, nor what acts of concealment the defendant practiced to prevent a discovery of the fraud. The conclusion here arrived at is sustained by the decisions of other states having codes similar to ours. Sublette v. Tinney, 9 Cal. 423; Boyd v. Blankman, 29 Cal. 20, 44; Carpentier v. City of Oakland, 30 Cal. 444; K. P. Ry. Co. v. McCormick, 20 Kans. 107; Ryan v. Railway Co., 21 Kansas, 365.
It is said by this court in Combs v. Watson, 32 Ohio St., on page 235’ that “The saving clause of the statute in question, is a substantial embodiment of the rule applied by courts of equity, in suits for relief on the ground of *218 fraud.” And counsel for plaintiff in error contended, that having adopted substantially the rule in equity, that we have also adopted with it the rule of equity as to the pleadings in such case. The answer to this is, that the same statute which adopted this rule in equity as to the discovery of the fraud, also prescribed the rules of pleading, and expressly abolished the rule of equity pleading, and provided that the rules by which the sufficiency of a pleading should be determined, were the rules prescribed by the code.
The case of Douglas v. Corry, 46 Ohio St. 354, is cited and relied-upon by plaintiffs in error; but it is sufficient to say that the section of the statute here in question was not involved in that case, and received no construction, either in the syllabi, or in the opinion of the court.
It is urged that the four years within which the fraud was discovered, must be the four years next before filing the amended petition. An action is deemed commenced, as to each defendant, at the date of the summons which is served on him; and although a demurrer be sustained to the petition, and leave given by the court to file an amended petition, which is done, yet the action remains “ commenced" so as to stop the running of the statute of limitations; and an averment, in such amended petition, that the plaintiff, or other party in interest, did not discover the fraud until within four years prior to the filing of the original petition, has the same force and effect as if contained in such original petition.
Complaint is also made by counsel for plaintiff in error, that the averments of the petition, even if regarded as sufficient, are not sustained by any evidence. And it is said that the deeds complained of were all of record, and should have enabled plaintiff, with fair diligence, to have discovered the fraud many years before this action was begun. But an inspection of the deeds shows that each deed recites not only full and ample consideration, but also recites the fact that said consideration has been paid by the grantee, and received to the full satisfaction of grantor. There is, therefore, nothing on the face of the deeds to excite suspicion, unless it be that the second deed was to *219 the wife of Mr. Zieverink. But even the sting of that suspicion is taken out of the case, by the further fact, that when the first action was brought against Mr. Zieverink on January 13,1880, and when the first judgment was rendered against him on October 22, 1882, the title to the lot had been conveyed away by Mr. Zieverink and his wife to Casimir Bauman, and stood in his name all that time, and until April 15, 1885, when he conveyed it to John B. Rucas.
It further appears that the deed to Mr. Bauman was, in effect, a mortgage to secure one thousand dollars, and that the deed to that extent was valid, and inquiry would not, likely,.have resulted in the discovery of any fraud.
The deeds are admitted to be without consideration, except the one thousand dollars, and that was paid back by Mr. Zieverink, and the only defense relied upon to defeat the action in the court below, was the statute of limitations.
We have examined the evidence, and while it is a little meager as to the exact time of the discovery of this fraud by the different parties in interest, there is no evidence whatever, that any of them discovered the fraud more than four years before the action was brought; and there is some evidence that, as to all of them, the fraud was discovered within four years before the action was commenced. We cannot say therefore that there is total failure of proof to sustain the judgment.
But it is further urged that the petition avers that the receiver was appointed to collect the judgment against Zieverink for the benefit of creditors, and that he duly qualified as such receiver, that this is denied by the answer, and that the only proof on this point is the admission by counsel on the trial, that Willis M. Kemper was appointed receiver in case No. 35,313, Superior Court, October 26,1882, and the further admission, by counsel, that a judgment in case No. 35,313, was rendered October 26, 1882, against J. H. Zieverink on his stock-holder’s liability for $2,000,00. From these admissions by counsel it appears that the receiver was appointed by the court the same day that the judgment of $2,000.00 was rendered against Mr. Zieverink; and in the ordinary course of proceedings the appointment of the re *220 ceiver, and the rendition of the judgment, would be in the same journal, and in the same entry on the journal. Hence, admitting the judgment, and the appointment of the receiver, was admitting all that appeared in the record of that case; and was, in effect, bringing the record before the court as testimony. But still it is insisted, that as the record of the judgment is not carried into the record of this case, that this court cannot know what its contents are. The answer to this is, that the record before us shows • that the record of the judgment in case No. 35,313 was a part of the records of the court trying this case below, that said judgment was referred to by counsel for both parties; that admissions were made on the trial as to matters shown by said judgment; that witnesses testified to matters in said judgment, all without objection by either party. In such case, the trial court is authorized to regard the judgment as part of the evidence in the case, although not formally offered or read by either party. Bevington v. State, 2 Ohio St. 160.
In the case just cited the court say, on page 163: “When an instrument in writing is produced by a party on a trial as evidence, and witnesses examined in relation to it, without objection to its admissibility from the other- side, it is not error for the court to regard it as in evidence, although not formally offered and read by the party producing it.”
Again, as the judgment in case No. 35,313, was referred to, and admissions made by counsel of both sides with reference thereto, so as to authorize the court to regard it as in evidence, it ought to have been incorporated into the bill of exceptions, and as it is not found there the record is not complete, and the fourth syllabus in Armleder v. Leiberman, 33 Ohio St. 77, is applicable.
With the judgment in case No. 35,313 in, as evidence in the trial of this case in the court below, and said judgment not appearing in the bill of exceptions in this case, it will be presumed, on error, that there is sufficient evidence contained in said judgment, to warrant the finding and judgment of the court below in this case.
*221 But it is urged finally, by attorneys for plaintiffs in error, that as this is a statutory action for the recovery of the statutory liability from a stockholder in an Ohio corporation, that there is no law in Ohio authorizing the appointment of a receiver in such case, that the appointment of the receiver was therefore void, and that the receiver could not maintain this action, even though appointed for that purpose, and ordered to do so by the court.
The appointment of the receiver, and the order to bring this action, having been made in an action in which said John H. Zieverink and Mary Zieverink were parties, they cannot now be heard to complain, as they acquiesced in the judgment, and took no steps to reverse or modify the same by proceedings in error or by appeal. High on Receivers, page 35, section 37.
We think there is abundant authority in the statutes for the appointment of a receiver in an action to collect the statutory liability of stockholders, and that such is the usual and better practice. But the judgment against the several stockholders must be rendered in the original action brought by a creditor or stockholder as provided in section 3260 Revised Statutes.
Such an action is equitable in its nature, and the statutory liability of the stockholders is a trust fund inuring to the equal benefit of all the creditors of the corporation, and this fund is made up from different amounts of money, to be collected from many different stockholders, and to be distributed among many creditors, and no one creditor is more interested in the collection than another. As no preference can be obtained by diligence, no one would be specially interested in prosecuting suits for the equal benefit of himself and others; and in such cases, it is the usages of equity to appoint a receiver to collect and distribute the fund under the order of the court, for the equal benefit of all the creditors. The fact that the right of action is given by statute, makes it none the less an equitable action, and being an equitable action, in its nature, requiring the service of a receiver, it is one of those in which receivers have heretofore been appointed by the usages of equity, as pro *222 vided in section 5587 of the Revised Statutes. This case also comes within the letter, as well as spirit, of the third subdivision of said section 5587, which provides that a receiver may be appointed, “after judgment to carry the judgment into effect.”
The judgment being made a charge on the real- estate in question, the court properly ordered it sold, in case the judgment and costs should not be paid by a day named.
The judgment provides that if the costs be not paid in twenty days, that the property be sold as upon execution by the sheriff, and that he make due return of his proceedings to the court for further order in the premises. When that return shall be made, or when the case gets into the probate court under section 6844, the rights of the plaintiffs in error as to the accounting prayed for, in their answer, will doubtless be protected.
We fail to find any error in the-record, and the judgment will therefore be

Affirmed.

Minsharr, J., dissents.