PHILO M. HUPP et al.

v.

RILEY E. HUPP et al.

Filed at Ottawa November 27, 1894.

APPEAL—*from decree setting aside fraudulent deed lies to Appellate Court.* An appeal from a decree setting aside a deed as being in fraud of the rights of a judgment creditor, lies to the Appellate Court, no freehold being involved.

APPEAL from the Circuit Court of LaSalle county ; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. FOWLER BROS., for the appellants.

Messrs. BLAKE & KELLY, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the court:

Riley E. Hupp and George Hupp, as administrators of Mary Hupp, deceased, recovered a judgment in the circuit court of LaSalle county for $753.35 against Sedwick W. Hupp, and an execution issued thereon was returned *nulla bona.* They thereupon filed in said court this bill, for the purpose of subjecting to the payment of the judgment certain land that Sedwick W. Hupp had conveyed to Philo M. Hupp, and certain land that he had conveyed to Wilson W. Hupp. At the hearing the court rendered a decree finding certain deeds to be fraudulent, and setting them aside as between the parties, and decreeing a sale of the lands to satisfy the judgment. The defendants below then took this appeal to this court.

The appeal should have been taken to the Appellate Court—not to this court. We have no jurisdiction to entertain it. We have frequently held that a bill filed by a judgment creditor to set aside a fraudulent conveyance made by the debtor, and to subject land to the payment of the judgment, does not involve a freehold. *Conkey* v.

*Knight,* 104 Ill. 337; *Sawyer* v. *Moyer,* 105 id. 192 ; *Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 id. 217; *Dobbins* v. *Cruger,* 106 id. 383 ; *Illinois Furnace Co.* v. *Vinnedge, Jones & Co.* 106 id. 650 ; *Blackman* v. *Preston Bros.* 119 id. 240.   And see, also, *Sanford* v. *Kane,* 127 Ill. on p. 597, *Adkins* v. *Beane,* 135 id. 530, and *Fox* v. *Peck,* 151 id. 226.

The appeal is dismissed.   Leave is given to withdraw the record, abstracts and briefs.

*Appeal dismissed.*