BARBARA A. McCALLA *et al.* v. J. V. DAUGHERTY *et al.*
No. 111.

1. *Limitation of Action—Insufficient Petition.* Where the petition of the plaintiff shows on its face that the action is barred by the statute of limitations, the petition does not state facts sufficient to constitute a cause of action.

2. ———— *Fraud—Time of Discovery Governs.* Where the petition of the plaintiff alleges a cause of action for relief on account of fraud and states that the fraudulent transaction complained of accrued more than two years before the commencement of the suit, and there is no allegation in the petition showing when the fraud was discovered, so as to take the case out of the statute of limitations, it fails to state a cause of action.

MEMORANDUM.—Error from Sedgwick district court; C. REED, judge. Action by J. V. Daugherty against Barbara A. McCalla and others, to set aside a conveyance and for other relief. D. M. Tipton cross-petitioner. Judgment for the cross-petitioner. Defendants bring the case to this court. Reversed. The opinion herein, filed September 5, 1896, states the material facts.

*Sankey & Campbell*, for plaintiffs in error.

*J. V. Daugherty*, and *Holmes & Haymaker*, for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J. : This action was commenced on the 14th day of April, 1893, in the district court of Sedgwick county, by J. V. Daugherty against D. W. McCalla, Lou K. McCalla, and Barbara A. McCalla, to set aside a certain conveyance of real estate and subject the land to the payment of a certain judgment, recovered before a justice of the peace on the 21st day of January, 1893, in favor of the plaintiff below and

against D. W. McCalla and Lou K. McCalla, on the grounds of fraud in the conveyance of said real estate. Afterward, on the 21st day of April, 1893, D. M. Tipton appeared in court and moved to be made a party to said action, and was by order of the court permitted to be made a party to said suit. ' He thereupon filed a cross-petition, alleging that, on the 22d day of November, 1887, he recovered a judgment in the district court of Sedgwick county, Kansas, against D. W. McCalla and Lou K. McCalla for the sum of $1,807.50, and that it was declared to be a lien on certain real estate in Sedgwick county; that said land had since been sold under the judgment and the same did not sell for a sufficient sum to satisfy said judgment and costs; that the balance of the judgment remaining after the application of the proceeds of the sale of said land was in full force and unsatisfied and was a valid judgment against D. W. McCalla and Lou K. McCalla, and that on the 31st day of August, 1889, D. W. McCalla and Lou K. McCalla, for the purpose of placing their property beyond the reach of their creditors then existing and to exist thereafter, conveyed certain lands in Sedgwick county to one Barbara A. McCalla; that said deed of conveyance was without consideration and for the purpose of defrauding the creditors of D. W. McCalla and Lou K. McCalla; that said Barbara A. McCalla received said deed with full knowledge of the fraudulent intention of the grantors therein and for the purpose of assisting them in defrauding their creditors, and asked that said conveyance be set aside and that the land be subjected to the payment of said judgment.

After the commencement of this suit and the filing of the cross-petition of D. M. Tipton and the answer of D. W. McCalla and Lou K. McCalla, D. W. McCalla

died, and J. H. McCall was duly appointed and qualified as administrator of the estate of D. W. McCalla, deceased, and the action was thereafter revived against the administrator, who appeared and filed an answer to the cross-petition as such administrator, and the cause proceeded to trial before the court without a jury. On the trial of the case the court found that the plaintiff below recovered a judgment against D. W. McCalla and Lou K. McCalla for $50, and that the same was unsatisfied, but the court found from the evidence against the plaintiff and in favor of the defendants on all other issues joined between them. On the issue between D. M. Tipton and the McCallas, the court found that on the 22d day of November, 1889, D. M. Tipton recovered judgment in the district court of Sedgwick county against D. W. McCalla and Lou K. McCalla for $1,807.50, and that such judgment was in full force and effect, and that there remained due and unpaid on such judgment the sum of $426, with interest, and that on the 29th day of August, 1889, D. W. McCalla was the owner in fee simple of certain lands situated in Wichita, Sedgwick county, Kansas, and that on the 31st day of August, 1894, D. W. McCalla and Lou K. McCalla executed and delivered to Barbara A. McCalla a deed of conveyance for said lands, and that such deed was executed and delivered to Barbara A. McCalla without any consideration whatever having been paid or to be paid, and that it was executed and delivered for the fraudulent purpose of defrauding the creditors of D. W. McCalla. The court thereupon directed that the judgment of Tipton be a first lien on the land, and that said deed be set aside and the land be sold to satisfy the judgment and costs. To the finding of facts

and conclusions of law the defendants below duly excepted, and bring the case to this court and ask that the judgment be reversed.

The record in this case is quite voluminous, and numerous errors are assigned, but in the view we take of this case it is unnecessary for us to consider all of the errors specified. The court having found against the plaintiff below, and no objections or exceptions having been taken by him, that part of the case has been finally disposed of, and it will not be necessary to refer to the issues between the plaintiff and defendants McCallas. On the trial of the case, the defendants below objected to the introduction of any evidence under the cross-petition of D. M. Tipton, for the reason that said cross-petition did not state facts sufficient to constitute a cause of action in his favor and against the defendants below. The contention of the plaintiffs in error is that the cross-petition shows that the conveyance complained of as fraudulent was executed on the 31st day of August, 1889, and the cross-petition of D. M. Tipton was not filed until the 21st day of April, 1893, and there is no allegation in the cross-petition showing that the fraudulent acts complained of were not discovered until some later day; that since more than two years had elapsed between the fraudulent transaction complained of and the commencement of this action, the action was barred by the statute of limitations. Subdivision 3 of section 18 of the code of civil procedure, fixing the time in which an action may be commenced, provides that an action for relief on the ground of fraud shall be commenced within two years, and that the cause of action in such cases shall not be deemed to have accrued until the discovery of the fraud.

The cause of action was complete on the day the fraudulent deed was executed, but if D. M. Tipton had no knowledge of the fraudulent transaction the right of action did not accrue until he discovered the fraud. While the right of action accrued on the day the fraud was consummated, yet the statute of limitations did not begin to run until the discovery of the fraud. The petition must state facts constituting the plaintiff's cause of action, and the petition must show that the cause of action is one upon which the plaintiff is entitled to recover a judgment. The facts stated in this petition are such that the plaintiff could not recover on account of the limitation of the statute, and where there are circumstances that will take the case out of the limitation, it is the duty of the plaintiff to plead the exceptions. Such is the rule in courts of law and courts of equity. (*Young v. Whittenhall*, 15 Kan. 579; *Zane v. Zane*, 5 id. 137; *Sublette v. Tinney*, 9 Cal. 423; *Boyd v. Blankman*, 29 id. 20; *Carpenter v. City of Oakland*, 30 id. 444.)

The cross-petition of D. M. Tipton showing that more than two years had elapsed since the fraudulent transaction complained of, and there being no allegation that the fraud was discovered at some later period, so as to take the case out of the statute of limitations, the court should have sustained the objections to the evidence under the cross-petition. The attention of the court and of D. M. Tipton having been duly called to the insufficiency of the cross-petition to state a cause of action, and no amendment having been offered or proposed to said cross-petition, judgment should have been rendered for the plaintiffs in error.

The judgment of the district court is reversed, and the case remanded, with directions to render a judg-

ment for the defendants below, J. H. McCall, administrator of the estate of D. W. McCalla, deceased, Lou K. McCalla, and Barbara A. McCalla.

All the Judges concurring.