D. M. Tipton v. Barbara A. McCalla *et al.*

### No. 10851.

Error to Court of Appeals— *not of right, in creditor, suit to set aside fraudulent conveyance.* An action to set aside a fraudulent conveyance and subject the land conveyed to the payment of a judgment does not involve the title to real estate so that a review of the judgment of the Court of Appeals may be had in the Supreme Court as a matter of right.

Error from the Court of Appeals, Southern Department. Opinion filed November 5, 1898. *Dismissed.*

*J. V. Daugherty*, for plaintiff in error.

*Sankey & Campbell* and *H. G. Ruggles*, for defendants in error.

Johnston, J. This was a proceeding by D. M. Tipton, who had an unsatisfied judgment against D. W. and Lou K. McCalla, to subject certain real property to the payment of the judgment. It was alleged that

an execution issued upon the judgment had been returned unsatisfied, and that the judgment debtors had been and still were the owners of certain city lots in Wichita which they had pretended to convey to another, and that it was done for the fraudulent purpose of placing the property beyond the reach of their creditors; and it was further alleged that the deed of conveyance was without any consideration whatever and was received by the person to whom made with the knowledge of the fraudulent purpose of the McCallas.

At the trial it was found and adjudged that the McCallas were the owners of the property, and judgment was rendered subjecting it to the payment of the judgment. The cause was taken to the Court of Appeals for review, and that court reversed the judgment of the district court, and directed the trial court to give judgment in favor of the McCallas. *McCalla v. Dougherty et al.*, 4 Kan. App. 410, 46 Pac. 30.

For the purpose of reviewing the judgment of the Court of Appeals this proceeding in error is instituted. The defendants in error challenge the jurisdiction of this court in a motion to dismiss, claiming that the action does not involve title to real estate within the meaning of section 14, chapter 96, Laws of 1895. That provision limits and defines when proceedings in error may be taken from a judgment of the Court of Appeals as a matter of right, and authorizes review ''in any case involving . . . . the title to real estate,'' etc. Unless therefore this proceeding can be said to involve the title to real estate the Supreme Court is without jurisdiction.

The main purpose of the suit is to obtain satisfaction of the judgment, and to accomplish this it is sought to have the real estate subjected to its payment. The title to the land sought to be subjected is

only collateral or incidental to the ultimate object of the action. It has already been held that the title of real estate is not involved within the meaning of this provision in an action to foreclose a mortgage upon land where the defendant pleaded title to the land in himself and it was said that although the question of title was litigated in such actions, it only arose incidentally, and therefore did not fall within the scope of section 14. *Park v. Busenbark,* ante, p. 65, 51 Pac. 907. In foreclosure cases the payment of the mortgage debt would satisfy the lien and end the litigation; and so here, if the judgment debtors or the holder of the title of property subjected to the payment of the judgment pay the judgment the controversy would be concluded and the title to the property remain unaffected. As tending to sustain the view that title is not involved in the sense that would vest this court with jurisdiction, we cite : *C. B. & Q. R. R. Co. v. Watson,* 105 Ill. 217 ; *McClellan v. Hurd,* 21 Col. 197, 40 Pac. 445 ; *Scheeren v. Stramann,* (Col.) 48 Pac. 966 ; *May v. Jarvis-Conklin M. T. Co.,* 40 S. W. 122 ; *Conkey v. Knight,* 104 Ill. 337 ; *Hupp v. Hupp,* 153 Ill. 490, 39 N. E. 124.

Attention is called to the holding of one of the justices of this court when a petition was filed for discretionary certification, that the case was appealable as a matter of right. That was an *ex parte* application and an appeal to the exceptional judicial discretion of the court; and a ruling made in such case, when the record in the case and all the parties thereto were not before the judge or the court, is not deemed to have binding force and effect.

The proceeding in error will be dismissed.