## JOB PRINGLE

*v.*

## MARY J. JAMES *et al.*

*Opinion filed April 17, 1900.*

APPEALS AND ERRORS—*when appeal should be taken to the Appellate Court.* An appeal from a decree in a creditor's bill proceeding should be taken to the Appellate Court, where the only questions involved are the subordination of complainant's lien on the tracts of land covered by the fraudulent deeds to the homestead and dower rights of the grantor's wife, the postponement of such lien, the finding of the existence of a resulting trust in favor of the grantor's wife, and the dismissal of complainant's bill as to certain tracts of land not covered by the fraudulent deeds.

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

WILLIAM MUMFORD, for appellant.

WILLIAMS & COLEY, for appellees.

Per CURIAM: The chancellor, on the hearing of the issues formed under a creditor's bill filed by the appellant, found that a certain deed executed October 17, 1895, by one George James, (since deceased,) and the appellee Mary J. James, his wife, to Jacob G. Hess, and a certain other deed executed by the said Jacob G. Hess on the same day to said Mary J. James,—both of which deeds purported to convey the south half of the south-west quarter of section 3 and the west half of the north-west quarter of section 35, all in township 6, range 4, in Pike county,—were fraudulent and void as against the rights and interests of the appellant, as a creditor of the said George James. The appellees have not appealed from said decree nor assigned cross-errors in this court.

The bill alleged the deceased, George James, was the owner of other lands, viz., the north-east quarter of the north-east quarter of section 9 and the south-east quarter of the south-east quarter of section 4, in the same town

and range as the other tracts hereinbefore mentioned, and prayed for a decree ordering that said last described tracts of lands should be sold and the proceeds of the sale applied to the discharge of the indebtedness due the appellant from the said George James, deceased. The court refused to grant such relief and decreed that in this respect the bill should be dismissed. The court also found and decreed that the lien of the appellant, as a creditor of said George James, deceased, on the tracts of land described in the fraudulent and void deeds, was secondary to and subject (to quote from the decree): "First, to the mortgage to Faith Dilworth for the sum of $1000, with interest from October 17, 1898, at the rate of six (6) per cent per annum; second, to the homestead and dower rights of Mary J. James; third, to a resulting trust for the amount of $750 in favor of Mary J. James; that the court further finds that the said resulting trust of $750 should not be required to contribute its proportionate part towards the extinguishment of said Dilworth mortgage and interest; that the enforcement of the lien above declared for the benefit of complainant shall be for the present postponed, and the date and manner of such enforcement is hereby expressly reserved for the future consideration and order of the court." The appellant conceded the mortgage to Dilworth constituted a superior lien as against the indebtedness due him, but questioned and prayed an appeal from that portion of the decree otherwise subordinating his lien on said tracts of land and postponing the same and dismissing his bill as to other tracts and decreeing a resulting trust in favor of Mrs. James.

The only questions here arising are those presented by this appeal of the appellant. None of these matters involve a freehold or other question which would give this court jurisdiction. The appeal should have been taken to the Appellate Court. *Hupp* v. *Hupp*, 153 Ill. 490.

The appeal will be dismissed with leave to the parties to withdraw the record, abstracts and briefs.

*Appeal dismissed.*