Benson, J.
By the act of the 8th March, 1773, being the law on the subject, as it stood before the act of the 21st March, 1788,£l the action on a promissory note was to be commenced within six years after the cause' of action arose, provided, that if the person entitled to such action, should be beyond sea, he should be at liberty to bring the action within the time before limited after he should return from beyond sea.” By the act of the 21st March, 1783, “ no part of the time from the 14th October, 1775, to the day of the passing of the act was to be deemed a part of the period above limited.” By the act of the 26th February, 1788, “ all actions on the case, other than for slander, are to be brought within six years after the cause of action arose; but if a person, agáinst whom there then was or should be a cause of such action, then was or should be out of the state at the time any such cause of action accrued, in every such case, the person who was or should be entitled to such action, should be at . liberty to bring the action against such person after his return to this state, so as he (the person entitled to the action) took the same after such return, with the time before limited.”
The note in question was certainly not barred on the 21st *91 March, 1783 ; but it having been given during the period of the suspension of the limitation, it had to run to the 21st March, 1789, and was as to the limitation * precisely [*80] the same as if it had been given on the 21st March, 1783, or in other words, as if the cause of action had accrued on that day. If the act of the 26th February, 1788, had never passed, and if the note had not been put in suit until after the 21st March, 1789, the defendant might have pleaded the limitation, as under the act of the 8th March, 1773, and the plaintiff could not have replied that the defendant was out of the state. But the act of the 26th February, 1788, giving the plaintiff a right to reply such matter, the inquiry is, whether she hath sufficiently alleged in her replication, that the defendant was out of the state on the 21st March, 1783, when as I have already stated, the cause of action is to be deemed to have accrued, and that she brought her. action within six years after the return of the defendant to the state ? The replication alleges, that the defendant left his place of abode in Dutchess county, on the 17th day of September, 1777, and the rejoinder admits, that he left it on the 10th day of July, 1779 ; and the replication further alleges, “ that the defendant then joined the army of the king of Great Britain, and remained under the protection of the said army, then in possession of a portion of the southern district of this state (which the said army had conquered, and had possession of by virtue of that conquest, there being then open war between the said king and the United States) until the 24th November, 1783, and that he then departed out of this state, and that the bill was exhibited within six years • after his return to the state.” The inquiry, therefore, is reduced to this single point, whether' the defendant, although he was, in fact, on the 21st March, 1783, at some place within the southern district, ought not in law, as it respects the right of the plaintiff intended to be secured by the act of the 26th February, 1788, to be adjudged to have been out of the state. I think he ought to be so adjudged, and for the reasons which the replication itself naturally and obviouslysuggests ; because he was out of the jurisdiction of *the [*81] state; he was quasi out of the realm; he was where *92 the authority which was exercised, was not derived from the state, but from the king of Great Britain by the right,of conquest. ■ Ño writ óf the State could run there, consequently, . “ no suit, could be. brought against him” there.
My opinion therefore* 1 is, that the plaintiff is entitled to recover.
Lewis, J. and Lansing, Ch. L were of the same opinion,
. Kent, J. -having been formerly concerned as counsel in the cause, gave no opinion.. • .
Radcliff, J. not having heard the argument in the • cause, gave no-opinion.
Judgment for the plaintiff,