McGirk, C. J.,
delivered the opinion of the Court.
This is an action on the case on a promissory note. The note was made in Philadelphia, on the 15th December, 1814, by one Vigus, for Bobb & Vigus, partners. Robb then lived in Lexington, Kentucky; Shipley lived in Philadelphia then and ever since; Bobb lived in Lexington till the spring of the year 1817; then removed to St. Louis, without any circumstances of concealment or undue practices, where he resided when this suit was brought.
This action was commenced November, 1820, a period of five years and seven months after the cause of action accrued.
The statute of limitation is plead to this action; replication that defendant obstructed the bringing the action by his removal; joinder and issue on the trial. The Court was moved to pronounce the law on the point, whether this removal was an obstruction within the proviso of the statute of limitations. The proviso is, "that if any defendant to any civil or criminal cause, hereinbefore recited, absconds or conceals himself, or by removal out of the district or territory where he resided, when such cause of action accrued, or by other indirect means defeats or obstructs the bringing or maintaining all or any of the aforesaid actions, within the respective times limited by this act, he shall not plead this act in bar.”
*165 The Circuit Court decided, after having found the issue for the plaintiff) that this removal was within the proviso, and gave judgment for the plaintiff, to reverse which the cause is brought to this Court.
It is insisted here, that the point is not properly saved. We think differently; the bill of exceptions shows the point of law was expressly made to the Court, in its capacity as such, to declare on a given state of facts what the law was. The statute required this suit to be brought within five years after the cause of action accrued. It has not been done. The statute provides that, though the limitation might otherwise run, yet its progress shall be arrested if the fault is the defendant’s. It is insisted by the plaintiff in the Court below, and defendant here, that if the defendant by concealment, absconding or removal, defeats the bringing of the action for any portion of the time within the five years, that then he shall not plead the statute, and that the plaintiff must have the whole of the time without a moment’s interruption.
The plaintiff in error contends that he is not to be precluded from the benefit of the statute, unless he did defeat the defendant (by some of the means aforesaid) perpetually, and without an intervening moment, for five years.
We are of opinion, the true construction of the statute is, that there must be a com cealment or a removal, and that that removal did defeat the party in fact, not that it might possibly have done so. The words of the statute are, that if, by any of those means, &c., the party is defeated or obstructed of having his action. A removal of itself is not sufficient — it must be such removal as amounts to obstruction. •- Here the party relies on the removal itself being such obstruction; that is not sufficient.
If Skepley had attempted to sue Bobb in Lexington, and found him removed; had then inquired for Bobb and could not find where he was gone, proof of this would satisfy the statute. Here, no such proof appears. With respect to the words of the statute, which says, a removal from the district or territory, &c., we are of opinion that the word district refers exclusively to districts in the former Territory of Louisiana, and that a removal from one of those districts to another, if attended with circumstances of concealment, might save the operation of the statute, with respect to the words and sentence, or territory, where the party resided when the cause of action accrued. It is to be understood, that, if the debtor resided in the then Louisiana, and made a removal out of the Territory, so that proc.ess could not operate on him, but returned after five years had expired, he pould not plead the statute.
It does not mean territory in a geographical point .of view, for, in that case, no one could tell precisely where the territory began or ended. The proviso puls two cases, which, of themselves, when they happen, prevent the party from pleading the statute. One is, absconding % the other is, concealment: these are absolute. Then the statute says, or by removal out of the district or territory where he resided when such cause .of action accrued, or by any other indirect means, defeats or obstructs the bringing any of said actions, &c., lie shall not plead this statute. Here it is apparent and clear, the removal must have a particular character, and must, in its tendency, defeat or obstruct the bringing an action; and proof, that the plaintiff inquired for defendant, after his removal, at the place where he resided when the cause of action ac..crupd, and could npt find where he was, so that he might sue, would be sufficient to *166 establish the removal contemplated by the proviso. But a removal from Kentucky to this State, is not sufficient to prevent the statute from running.
The judgment of the Court is, therefere, reversed.