HARMAN *et al.*, *Plaintiffs in Error*, v. LOOKER.

**Statute of Limitations**: DEBTOR ABSCONDING INTO THIS STATE AND CONCEALING HIMSELF HERE. If a debtor residing in another state secretly abandons his home and moves to this State and so conducts himself that his creditors, though they make pursuit and diligent inquiry, are unable to ascertain his whereabouts, he will be held to have absconded and concealed himself, within the meaning of section 3244, Revised Statutes 1879, so as to interrupt the running of the statute of limitations; and it will not alter the case that he has resided at the same place in this State for many years, and without concealment so far as his neighbors here are concerned.

*Error to Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

REVERSED.

*W. P. Hall* and *F. Knickerbacker* for appellants, relied on *Harper v. Pope*, 9 Mo. 398; 1 Mo. 229; *Foley v. Jones*, 52 Mo. 64; *Wells v. Halpin*, 59 Mo. 92.

*Heren & Rea* for defendant in error.

RAY, J.—The petition contains two counts, upon two several promissory notes, the one payable to plaintiffs and the other assigned to them. One was due in 1857 and the other in 1858, and the suit was commenced in the Andrew circuit court, in September, 1871. The defendant pleaded the statute of limitations, to both counts of the petition— that the suit was not commenced within ten years after the cause of action had accrued on the same. The plaintiffs replied that plaintiffs and defendant, at the time the cause of action accrued, were citizens and residents of Violet township, Fairfield county, state of Ohio; that in August or September, 1858, defendant abandoned and absconded from his place of residence in said township, and left for parts unknown, and from thence concealed himself so that plaintiffs could not learn where he had gone, nor where he lived until a few weeks before the commencement of this

suit; that he left no property or effects out of which said debt, or any part thereof, could be made, and that the wife of defendant left the county soon afterward, following the defendant to the State of Missouri; and that with diligent inquiry which plaintiffs made for defendant and his whereabouts, from the time he so absconded, they were not able to learn where he had gone or lived until six months before the commencement of this suit; wherefore plaintiffs say that they were prevented from commencing their said action for the space of eleven years after the same accrued, by reason of said defendant so as aforesaid absconding and concealing himself, and his other improper act in leaving the state of Ohio in the night and without the knowledge of the plaintiffs, and that this action was commenced within ten years, after deducting the time said action was so prevented from being commenced from the time that had elapsed since said cause of action accrued. The case was tried before the court sitting as a jury, and resulted in a finding and judgment for the defendant. Motion for new trial was made and overruled, bill of exceptions filed, and the case brought to this court on writ of error.

The evidence on the part of plaintiffs consisted of the notes sued on, and the testimony of a number of witnesses, which proved satisfactorily all the facts set up in the reply —that all the parties were citizens of Ohio, and that defendant absconded and ran away from there after night, in the year 1858, taking his property with him and leaving his wife behind, and that plaintiffs sent an officer in search of him, and made diligent inquiry of his friends as to his whereabouts, but were unable to ascertain where he had gone until the fall of 1871, about the time the suit was commenced. The defendant proved that for ten to twelve years next preceding the beginning of this suit, he had been a resident of Andrew county, living upon a farm and carrying it on in the usual way, without concealment so far as the people of that county were concerned. This was all the evidence.

The following instructions were refused, and exceptions taken to the decision of the court:

1. If the court, sitting as a jury, shall believe from the evidence that the notes sued on were made in Fairfield county, Ohio, and that the parties resided there, and that the defendant, in a few days after the notes became due, by absconding or concealing himself, or by doing any other improper act, prevented the commencement of an action for the collection of said notes, the plaintiffs had a right to commence an action within the time limited by law, after the commencement of said action shall have ceased to be so prevented.

2. If the court, sitting as a jury, shall believe from the evidence that the notes in controversy were made and delivered in Violet township, Fairfield county, Ohio, and when they became due plaintiffs and defendant were living in said township, and that defendant, about that time, or in a few days after they fell due, prevented the commencement of an action for the recovery of the money due thereon by the defendant running away from his home, absconding or concealing himself, or by any other improper act, and without leaving property out of which to make said money, and secretly and clandestinely ran away and moved to parts unknown to plaintiffs, in the State of Missouri, and that plaintiffs made diligent search and inquiry for and after defendant, with a view to learn his whereabouts, and were unable so to do, until a few months before the commencement of this suit, and that plaintiffs were prevented by such absconding, etc., of defendant, from bringing their action on said notes, then, and in that case, the time intervening between the time of defendant absconding from his home in Ohio and going to parts unknown to plaintiffs, or concealing himself, etc., which prevented plaintiffs from bringing suit on said notes, and the time of plaintiffs learning his home and whereabouts in the State of Missouri, should not be counted as a part of the time

of the statute of limitations relied on by defendant to this suit.

The third instruction asked by plaintiffs was similar to the second one set out above, and was intended to announce substantially the same thing, with the additional fact that plaintiffs searched for defendant for the purpose of bringing suit on the notes.

At the request of defendant, the court gave two declarations of law. The first was to the effect that if defendant had resided in Andrew county openly, notoriously, as other citizens, without concealment, for ten years before the commencement of the suit, and if the right of action accrued to plaintiffs on said notes ten years prior to the commencement of this suit, the statute of limitations barred a recovery. The second differed from the first, in that it declared that defendant's absconding from Ohio made no difference. If he lived in Andrew county openly and without concealment for ten years before the commencement of the suit, the action was barred. Plaintiffs excepted to the giving of these instructions.

The propriety of these instructions is the only question in the case. Section 3244 of the Revised Statutes of Missouri, 1879, page 549, declares that: "If any person, by absconding, or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented." The construction of this section has been under review in a number of cases decided by this court, and it has been repeatedly held that if such commencement of such action has been, in point of fact, prevented by such absconding, or concealing, or by such other improper act on the part of the debtor, the creditor may bring suit within the time so limited, after the commencement of his action shall have ceased to be so prevented. And in such case, it makes no difference how publicly and openly the debtor may have resided in any

new home he may have acquired; or how long he may have continued so to reside. Nor is it material, whether the party charged with such prohibited misconduct, is a resident of this State and has sought a new home in some other or distant locality, where he lives openly as to his new neighbors; or whether he was a non-resident, who has found a home in Missouri, where he thus lives unconcealed as to other citizens of that vicinity. In either event, such absconding debtor, who has thus prevented the commencement of a suit against him, may be sued within the time thus limited, after his whereabouts has been discovered. The case of *Harper v. Pope*, 9 Mo. 398, is to the following effect: " Where a party living in Illinois purchased goods and had them shipped to his then residence, and then immediately removed to Clay county in this State, remained there a short time, and then removed to St. Louis county, but never informed his creditor of his place of residence, the creditor having used proper diligence to discover his residence, and not finding him, held to be such a concealment as to prevent the statute from running." To the same purpose is the case of *Bobb v. Shipley*, 1 Mo. 229. See also *Scroggs v. Daugherty*, 53 Mo. 497; *Fike v. Clark*, 55 Mo. 105; *Thomas v. Black*, 22 Mo. 330, and also the recent case of *Butler v. Lawson*, 72 Mo. 227. This case recognizes the same doctrine. Under the authority of these cases, the court committed error in refusing the instructions asked by plaintiffs, and in giving those asked by the defendant. The judgment is, therefore, reversed and the cause remanded. All concur.