Frey v. Aultman, Miller & Co.

DANIEL FREY v. AULTMAN, MILLER & CO.

1. CONCEAL—*Code Meaning.* The word "conceal," in § 21 of the code of civil procedure, refers to acts of the party within this state.

2. CONCEAL HIMSELF, *When Person Does Not.* Where a party in this state passes under his real name, engages in the same line of business he has always pursued, lives as open and public a life as others engaged in the same business, and in his life and conduct here does nothing to prevent his neighbors or those coming into the vicinity from knowing who he is, or whence he came, or to prevent the service of process upon him, *held,* that it cannot be said that he conceals himself within the meaning of said section, although he had before coming to this state absconded from his former place of residence, and although his creditors at such former residence had failed after reasonable diligence to ascertain his present whereabouts.

*Error from McPherson District Court.*

ACTION brought by *Aultman, Miller & Co.* against *Frey,* upon a promissory note. January 11, 1883, the plaintiffs had judgment for $160.25 and costs, against defendant, who brings the case to this court. The facts appear in the opinion.

*M. A. Thompson,* for plaintiff in error.

*Clark & Tourney,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The single question in this case is as to the meaning of the word "conceal" as it is used in § 21 of the code of civil procedure. The district court found that the plaintiff in error, defendant below, had concealed himself so as to suspend the running of the statute of limitations. The undisputed facts are, that the note sued on was dated September 13, 1869, and became due November 1, 1871. This action was begun March 16, 1882, more than ten years after the maturity of the note. At the time of the execution of the note, defendant was a resident of the state of Iowa, but for more than five years prior to the beginning of the action he had been a resident of McPherson county, Kansas.

*Prima facie*, therefore, action on the note was barred, and it devolved on the plaintiffs to establish some of the exceptions named in the statute.   They alleged that defendant absconded from the state of Iowa, and concealed himself within the state of Kansas.   So far as absconding from the state of Iowa is concerned, which was sufficiently proved, it establishes no exception under our statute, for the words absconding and concealing, as used in the section, refer to the acts of the party in this state.   (*Hoggett v. Emerson*, 8 Kas. 262.)

So far as concealment within this state is concerned, there is not a syllable of testimony as to defendant's conduct and manner of life here, the only testimony being that of one witness, and this to the effect that he had known the defendant since the fall of 1876; had lived a neighbor to him; and that during all that time he had lived continuously in one of the townships of McPherson county.   But the contention of the plaintiffs is, that before the maturity of the note defendant absconded from Iowa; that the plaintiffs made every reasonable effort to ascertain his whereabouts, and failed, until a short time prior to the commencement of this action; and hence that it must be adjudged that defendant concealed himself in the state of Kansas.   They say:

"The word concealed has not, as far as we can learn, any different meaning than that allowed by the common acceptation of the term.   It is a new word in limitation statutes, not being in the statutes of the older states.   But the courts in those states, in construing the phrase, 'coming into the state,' have universally decided, as far as our research has gone, that the coming into the state must have been so notorious and under such circumstances, that the creditor might, by use of ordinary diligence, have learned his whereabouts.   (3 Parsons, 69; 16 Pick. 359; 1 Aiken, 282; 1 Pick. 263; 3 Mass. 271; 10 N. Y. 96; 2 U. S. Digest, 810, §§ 364–5–6–7–9, 401–2–3, 415–16–17.)   Under the rule sustained by these authorities, when applied to the evidence in this case, the courts would hold that Frey was not in the state, within the meaning of the statute, until he was discovered by his creditors.   Either this, or else he was concealed in this state. Either construction amounts to the same thing."

We think it may be doubted whether the testimony warrants the conclusion that the plaintiffs used reasonable diligence in ascertaining the whereabouts of defendant, and in prosecuting their claim upon this note. The testimony by deposition of N. N. Leohner was, that he had sole charge of the collection department of plaintiffs. He testified that he received a letter from H. H. Clay, plaintiffs' agent in Iowa, informing him that defendant's post-office address was Little Valley, McPherson county, Kansas, and on the strength of this information, on June 30, 1876, he forwarded the note by mail to Bowman & Holmes, attorneys, at Newton, Kansas; that the first report he had from these attorneys was on December 8, 1877, in which they stated that they had not yet found Frey; and that the next information was on May 14, 1880, stating that they had found him some sixteen miles southwest of McPherson, but that he declined to pay. Neither Bowman nor Holmes was a witness, nor is there anything to show what efforts they made to ascertain his whereabouts. There is, however, the testimony of a witness Barker, that in 1877 he was in the employ of Nichols & Greene, attorneys, at Newton, Kansas, who then had possession of the note, and that he made inquiries but could not find Frey until the fall of 1879, when he heard his name called out in a political convention in the city of McPherson, and thereupon presented the note to him for payment. His testimony is that the inquiries he made for him were in Harvey county, to some extent in Reno county, and in the city of McPherson, in McPherson county, and that his name was not then on the tax list of the county of McPherson.

Now when we put over against this the uncontradicted testimony that he was living all this time within four miles of the post office in Little Valley township, and that that was his post-office address, it seems difficult to say that they could not with reasonable diligence have found his whereabouts, and commenced action against him long before the bar of the statute had run. But for the purposes of the case, assume that they did make reasonable efforts to find his whereabouts

and failed, and also further, that prior to the maturity of the note the defendant absconded from the state of Iowa: is the conclusion warranted that he concealed himself in the state of Kansas, without some further testimony as to his life and conduct here?

Suppose a merchant in the east absconds from his residence and comes to the city of Topeka, there engages in the same line of business under his own name, lives as open and public a life as other citizens of Topeka: can it be said that the manner of his departure from the east, and the failure of his creditors after reasonable efforts to discover his residence in Topeka, prove that he conceals himself, within the meaning of that section? We think not. We think the word "conceal" contemplates some action here; that he passes under an assumed name, has changed his occupation, or acts in a manner which tends to prevent the community in which he lives from knowing who he is or whence he came. It cannot be doubted that the legislature has the power to make the statute of limitations absolute, and without any exceptions on account of concealment; and when we remember that this statute has no extra-territorial force, and therefore contemplates acts and conduct of the party within our limits, it would seem difficult to say that a man who, going under his own name, lives in a community in as open and public a manner as any other citizen in the same line of business, is concealing himself from the service of process within this state.

We think the district court erred in its conclusions, and therefore the judgment must be reversed, and the case remanded for a new trial.

All the Justices concurring.