CHARLES ENGEL, Respondent, *v.* J. H. FISCHER, Appellant.

Defendant, at Vienna, Austria, where he resided, accepted a bill of exchange, dated May 1, 1873, payable three months from date. Soon after he absconded, coming to New York in July of that year, where he has since resided, bearing a fictitious name, assumed for the purpose of concealing himself from his creditors. Plaintiff discovered him in April, 1882, demanded payment of the bill, and, upon his refusal, brought suit upon the acceptance. *Held,* that the action was barred by the statute of limitations ; that the case was not within any of the statutory exceptions. (Code of Civ. Pro., § 401.)

The plain language of the statute may not be perverted to remedy the hardship or injustice of any particular case.

*Sleght* v. *Kane* (1 Johns. Cas. 76), *Poillon* v. *Lawrence* (77 N. Y. 207), and the cases determining, where the debtor has been absent from the State, as to what is a return or coming into the State, so as to set the statute running, distinguished.

(Argued April 20, 1886 ; decided June 1, 1886.)

APPEAL from order of the General Term of the Superior Court of the city of New York, entered upon an order made at the November term, 1884, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury. (Reported below, 19 J. & S. 71.)

The nature of the action and the material facts are stated in the opinion.

*C. E. Rushmore* for appellant. The defendant, having been in this State when the cause of action accrued, and having remained therein uninterruptedly until the commencement of this action, a period of ten years, the statute of limitations has run against this claim. (Code of Civ. Pro., § 382 ; *Troup* v. *Smith,* 20 Johns. 32; *Allen* v. *Mille,* 17 Wend. 202; *Humbert* v. *The Rector, etc., Trinity Church,* 24 id. 587; *Foot* v. *Farrington,* 41 N. Y. 164.) In construing statutes the natural and obvious meaning should be taken, without resorting to subtle and forced construction. Courts cannot correct supposed errors, omissions or defects. (Lieber's Pol. & Leg.

Hermeneutics, 87; Story's Const., § 392, 7 N. Y. 97; *McClosky* v. *Cromwell*, 11 id. 593; *Waller* v. *Harris*, 20 Wend. 555, 562; *Beebe* v. *Griffing*, 14 N. Y. 234.)

*Benno Lewinson* for respondent. In the construction of statutes the judge is vested with authority to disregard the letter, in order, in a given case, to attain the ends of justice. (Lieber's Hermeneutics, note, p. 285; Sedgwick on Constr. of Stat. Law [2d ed.], 262; *Holmes* v. *Carley*, 31 N. Y. 290; *Gay* v. *Siebold*, 97 id. 472; *Jackson* v. *Collins*, 3 Cow. 96; *Green* v. *Kemp*, 13 Mass. 518; *Edwards* v. *Dick*, 4 Barn. & Ald. 212.) The word "return," as applicable to a debtor, applies as well to persons coming from abroad as to citizens of the country going abroad for a temporary purpose and then returning. (Angell on Lim., § 206; 3 Pars. on Cont. [6th ed.] 105; *Ruggles* v. *Keeler*, 3 Johns. 261; *Carpenter* v. *Wells*, 21 Barb. 594; *Bulger* v. *Roche*, 11 Pick. 36; *Cole* v. *Jessup*, 2 Barb. 313; *Dwight* v. *Clark*, 7 Mass. 515; *Ford* v. *Babcock*, 2 Sandf. 520.) Such an effect should be given, if possible, to the provisions of the statute of limitations as will not impute to the legislature an intention to do an injustice, especially as to clauses in the statute which purport to save demands, where there has been no opportunity of suing the defendant, by reason of his non-residence, absence or otherwise. (*Crosier* v. *Tomlinson*, 2 Mod. 71–73; *Forbes* v. *Smith*, 30 Eng. Law & Eq. 602; *Chandler* v. *Villett*, 2 Saund. 120, 121; *Sage* v. *Hawley*, 16 Conn. 114, 115; *Swayn* v. *Stephens*, Cro. Car. 245; *Lafonde* v. *Ruddock*, 24 Eng. L. & Eq. 239; *William* v. *Jones*, 13 East, 440; *Gilman* v. *Cutts*, 3 Fos. [N. H.] 384, 385; *Smith* v. *Bond*, 8 Ala. 386; Broom's Legal Maxims, 727.) The intent plainly expressed is, that every creditor shall have six full years to sue in the courts of this State, and that he shall not lose his demand except by such an omission to sue as the law deems voluntary and negligent. (2 R. S. 295–299, §§ 18, 24, 26, 27, 32–37; Code, §§ 380–412; *Ford* v. *Babcock*, 2 Sandf. 519, 528, 529; *Cole* v. *Jessup*, 10 How. Pr. 515; *Gilman* v. *Cutts*, *supra*; *Smith* v.

*Bond,* 8 Ala. 386; *Vanlandingham* v. *Huston,* 9 Ill. 125; *Harden* v. *Palmer,* 2 E. D. Smith; 172; *Richards* v. *Md. Ins. Co.,* 8 Cranch, 92, 93; *Olcott* v. *Tioga R. R. Co.,* 20 N. Y. 223; *Anon.,* 1 Shower, 91; *Ruckmaboye* v. *Mettichund,* 32 Eng. Law & Eq. 85; *Lane* v. *Bennett,* 1 Mees. & Welsb. 70; *Murray* v. *Baker,* 3 Wheat. 341; *Bk. of Alexandria* v. *Dyer,* 14 Peters, 141; *Pancoast* v. *Addison,* 1 Harr. & Johns. 350; *Ruggles* v. *Keeler,* 3 Johns. 267; *Dwight* v. *Clark,* 7 Mass. 515; *Bulger* v. *Roche,* 11 Pick. 39, 40; *Van Hemert* v. *Porter,* 11 Metc. 210; *Graves* v. *Week,* 19 Vt. 179; *Forbes* v. *Smith,* 30 Eng. L. & Eq. 602; *Sleight* v. *Kane,* 1 Johns. Cas. 76; *Smith* v. *Bond, supra; Davis* v. *Garr,* 2 Seld. 124; *Douglass* v. *Forrest,* 4 Bing. 686; *Benjamin* v. *Degroot,* 1 Denio, 151; *Lafonde* v. *Ruddock,* 24 Eng. Law & Eq. 239; *Townsend* v. *Deacon,* 3 Exch. 706; *Strithorst* v. *Graeme,* 2 Wm. Bla. 723; *Williams* v. *Jones,* 13 East, 439; *Louisville* v. *Letson,* 2 How. [U. S.] 497.) In order to set the statute in operation and to take a case out of the exceptions created by section 401, the debtor's return to (*i. e.* " coming into ") the State must be public and notorious. (*Smith* v. *Bond,* 8 Ala. 386; 3 Pars. on Cont. 96; Angell on Lim., § 206; *Ford* v. *Babcock,* 2 Sandf. 518; *Cole* v. *Jessup,* 10 N. Y. 96, 102; 3 Barb. 309; *Fowler* v. *Bailey,* 3 Mass. 201; *Little* v. *Blunt,* 33 id. 359; *Randall* v. *Wilkins,* 4 Denio, 577; *Fowler* v. *Hunt,* 10 Johns. 464.) Where a party knowing his rights, and diligently seeking to enforce them, is prevented by the effectual hiding of the debtor from bringing suit, he cannot lose his remedy. (*Upton* v. *McLaughlin,* 105 U. S. 640; *Rosenthal* v. *Walker,* 111 id. 191; *Bailey* v. *Glover,* 21 Wall. 349; *Poillon* v. *Lawrence,* 77 N. Y. 211.)

EARL, J. This action was commenced against the defendant as acceptor of a bill of exchange payable three months after date, drawn on the 1st day of May, 1873, at Vienna, Austria, for three thousand six hundred gulden, equivalent in our money to $1,512. The defense interposed is that the cause of action was barred by the statute of limitations.

The facts are these : The defendant resided in Austria, where he accepted the bill, and soon thereafter he absconded, and in July, came to the city of New York, and there he has ever since resided.   On reaching New York, for the purpose of concealing himself from his creditors, he assumed the name of Marcus L. Fischer, and thereafter bore that name and hid himself thereunder.   The plaintiff discovered him in the city of New York in April, 1882, and there, at his store, demanded of him the payment of the draft, which was refused, and then, in the same month, this action was commenced.

While the plaintiff concedes that more than six years had elapsed from the time the cause of action accrued against the defendant, he claims the benefit of the exception contained in section 401 of the Code, which is as follows: " If, when the cause of action accrues against a person, he is without the State, the action may be commenced within the time limited therefor after his return into the State.   If, after a cause of action has accrued against a person, he departs from and resides without the State, or remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of the action."

This section does not aid the plaintiff, because the defendant was not without the State when the cause of action accrued, and he never thereafter departed from the State.

While the defendant bore an assumed name, he was, physically, at all times, within this State, and there was no hiding or concealment of his person except as he assumed and bore the fictitious name.   It passes my comprehension how, by any process of reasoning or metaphysics, such a person continually present in the State for nearly ten years can be said never to have come here and to have been continually absent from the State.

It is quite probable that the defendant perpetrated a fraud upon the plaintiff by concealing his residence from him, and that the statute is resorted to by him to defeat a just claim. Yet the statute must have its operation.   Its plain language

cannot be perverted to remedy the hardship of any particular case. It is a benign statute, and the legislature has written in it all the exceptions which sound policy dictated to it. It may frequently operate to defeat just claims and be used by dishonest debtors to escape the payment of honest debts. A cause of action may be barred before it is known to the claimant. The debtor may purposely conceal it, and yet the bar of the statute must inexorably be applied. A debtor who has always resided within the State may abscond from his home and conceal himself within the State from his creditors, and yet no one will claim that such a debtor is to be regarded as without the State, or that such concealment will defeat the running of the statute. The law gives a creditor six years continued presence of his debtor within the State after the cause of action has accrued, and that period has been deemed ample to enable the creditor to find his debtor and to put the machinery of the law in force against him. It would lead to great inconvenience and leave the bench and bar without any certain rule, if, in every case where a debtor has resided and continuously been within this State for six years after a cause of action against him accrued, and the statute of limitations is interposed as a bar to an action to enforce the same, it could be a matter of inquiry and litigation, upon disputed evidence, whether the debtor, during any portion of the time, concealed himself, fraudulently or otherwise, and whether the creditor used due diligence to find him.

There are some cases in which what is now the first clause of the section above quoted was under consideration, and it became necessary for the courts to determine what was a return or coming into the State so as to set the statute running, wherein it was decided that the return must be open and notorious and under such circumstances that the creditor could, with reasonable diligence, find his debtor and serve him with process. (*Little* v. *Blunt*, 16 Pick. 359; *Hill* v. *Bellows*, 15 Vt. 727; *Hysinger* v. *Bullzell*, 3 Gill & J. 158; *Didier* v. *Davison*, 2 Barb. Ch. 477; *Ford* v. *Babcock*, 2 Sandf. 518; *Cole* v. *Jessup*, 10 N. Y. 96; *Dorr* v. *Swartwout*, 1

Opinion of the Court, per EARL, J.

Blatchf. C. C. 179 ; 3 Pars. on Cont. [6th ed.] 96 ; Angell on Lim. [2d ed.] 216.) A debtor might return to the State clandestinely, for a few hours, in the night-time, or on Sunday, or he might be in the State on his progress through it ; and a return of such a character, which might be concealed from and unknown to the creditor and which would afford him no opportunity, by the use of reasonable diligence, to serve his debtor with process, is held not to be a return to the State within the meaning of the statute. But it has never before this case, so far as I can discover, been decided that where the debtor was continually in the State for more than six years after the cause of action accrued, he was deemed to have been without the State, and thus the running of the statute defeated because he concealed his abode and thus the creditor was unable to discover him and serve him with process.

The case of *Sleght* v. *Kane* (1 Johns. Cas. 76), is not an authority for the plaintiff. There the defendant was held to be without the State while he was in a place which had been conquered and was held by the British troops, and which was neither *de facto*, nor, I am inclined to believe, *de jure* a part of the State, nor subject to the jurisdiction of the State courts.

In *Poillon* v. *Lawrence* (77 N. Y. 207), it was held that a discharge in bankruptcy was void as to a creditor from whom notice of the bankruptcy proceedings was purposely and fraudulently withheld by conducting the same in a name assumed by the debtor which was entirely different from that under which the debt was contracted ; and that case has no bearing upon this.

We are, therefore, constrained to hold that the order of the General Term should be reversed and the judgment of the Trial Term affirmed, with costs.

All concur.

Order reversed, and judgment affirmed.