Miller v. Lesser.

## MILLER v. LESSER.

1. **Statute of Limitation:** ACTION BY SURETY AGAINST PRINCIPAL.
   An action by a surety against a principal, for money paid as such surety,
   is based on an implied promise, and is barred in five years from the date
   of the payment. (Code, § 2529, par. 4.)

2. ———: RESIDENCE IN IOWA UNDER ASSUMED NAME: INABILITY TO
   TO DISCOVER RESIDENCE. An action upo n an unwritten contract against
   one who had removed to Iowa, and had lived here for five years after the
   cause of action had accrued, *held* barred by the statute of limitations,
   notwithstanding the defendant had lived here under an assumed name,
   and plaintiff, by the exercise of diligence, was not able sooner to dis-
   cover his place of residence.

*Appeal from Scott Circuit Court.*

TUESDAY, MARCH 8.

PLAINTIFF brought this action to recover an amount of
money which he was compelled to pay as surety on a bond on
which defendant was principal, and which was given by him
in a proceeding in bankruptcy. The defendant pleaded as a

defense that the action was barred by the statute of limita-
tions. The judgment was for the defendant, and plaintiff
appealed.

*Davison & Lane,* for appellant.

*George E. Hubbell,* for appellee.

REED, J.—When the bond was signed, which was in 1871,
the parties were both residents of the state of Ohio. It was
given as security for the costs in a bankruptcy proceeding,
which had been instituted by defendant. In 1873 defend-
ant removed to Davenport, in this state, and he has since resided
there continuously. In 1879 plaintiff was compelled to pay
the costs which accrued in the proceeding in which the bond
was given. This action was commenced in March, 1886.
When defendant settled in Davenport, he assumed the name
of M. Levy, and he has been known in the community by
that name ever since. He is a married man, and his family came
with him when he removed to this state; and continuously
since his settlement at Davenport he has carried on business
in his assumed name. Plaintiff's cause of action arose when

1. STATUTE
of limitations:
action by
surety against
principal.

he paid the costs in the bankruptcy proceeding.
It arose upon the promise by defendant, which
is implied from the relation in which the parties
stood to each other, that he would indemnify plaintiff against
his liability on the bond. The action being upon an unwrit-
ten contract, the period within which it might be brought
was five years. Code, § 2529, subd. 4.

When the cause of action accrued, defendant was a resi-
dent of this state. The statute, therefore, began to run at

2. ——: resi-
dence in Iowa
under assum-
ed name : in-
ability to dis-
cover resi-
dence.

once, unless some fact existed which suspended
its operation. In addition to the fact that
defendant was living under an assumed name, it
was shown that his place of residence was
unknown to plaintiff, and that he had made diligent inquiry
to ascertain where he lived. Did these facts prevent the

running of the statute? We think not. The provision of the statute is explicit that the actions enumerated in it may be brought within the period specified after their causes accrue, "and not afterwards, except when otherwise specially declared." Section 2529, *supra*. This language is explicit, and there can be no doubt as to its meaning. The only exceptions to the general rule created by the statute are those which are specially declared. It is provided by section 2530 that, when relief is sought on the ground of fraud or mistake, or when the action is for trespass to property, the period of the statute shall not begin to run until the discovery of the fraud, mistake, or trespass; and section 2533 provides that the time during which a defendant is a non-resident of the state shall not be included in computing any of the periods of limitation. Other sections create exceptions in favor of minors, and in cases in which the persons in whose favor causes of action have accrued have died during the period of limitation. But no provision can be found which creates an exception in favor of a creditor, upon the ground that he has been unable for any reason to discover the place of residence of his debtor within the period prescribed by the statute within which the action may be brought.

Plaintiff's action, then, falls within the general rule of the statute. It does not belong to either of the classes of actions enumerated in section 2530. Nor were either of the parties under any of the disabilities which, by the other provisions, make certain cases exceptional.

AFFIRMED.