[Filed December 20, 1888.]

# JAMES F. RHOTON, Appellant, *v.* W. H. MENDENHALL, Respondent.

Cause of Action — When It Accrued. — When R. became surety for M. on a promissory note, and paid the same when it became due, R.'s cause of action accrued to him at the time of the payment: *therefore, held,* that if before such payment in another state where all the parties resided M. removed to the state of Oregon, the plaintiff's cause of action is not saved to him by the first clause of section 16, Hill's Code, for the reason that when the action accrued the defendant was not "out of the state."

Section 16, Hill's Code — Concealment of Defendant — Case in Judgment. — The plaintiff signed the defendant's promissory note in Tennessee on the tenth day of February, 1869, and the defendant soon thereafter clandestinely left the state of Tennessee and never returned, and the plaintiff made diligent inquiry of his neighbors and others to find the whereabouts of the defendant, and the plaintiff did not know the whereabouts of the defendant until six months before the commencement of this action: *held,* this does not show that the defendant was concealed within the meaning of section 16, *supra.*

Conceal — Meaning of. — The word "conceal," as used in our statute of limitations, means some affirmative act done in this state, such as passing under an assumed name, change of occupation, or any acts by the defendant which tend to prevent the community in which he lives from knowing who he is or whence he came.

Appeal from Linn County.

*J. J. Walton* and *John Kelsay,* for Appellant.

*D. R. N. Blackburn,* for Respondent.

Strahan, J. — This is an action on an implied promise to recover money paid by the plaintiff for the use of the defendant on the tenth day of February, 1869, in the state of Tennessee. The defendant as principal, with the plaintiff as surety, made, executed, and delivered their promissory note to one Lewis McDaniel of said state of Tennessee, due one year after date, for the sum of two thousand dollars, with interest from date; that

defendant neglected to pay said note, and the plaintiff paid the same and interest about the tenth day of February, 1870; that shortly after said note was made the defendant clandestinely left the state of Tennessee, and never returned; that plaintiff made diligent inquiry of his neighbors and other persons to find the whereabouts of the said defendant, but entirely failed to find his whereabouts until six months prior to the commencement of this action; that from the time the defendant left said state of Tennessee, where the plaintiff has and is now residing, until within the last six months, the plaintiff did not know the whereabouts of the said defendant, although he made diligent search and inquiry for the same; that as soon as plaintiff ascertained the whereabouts of the said defendant, the plaintiff made demand for the payment of said sum of money and interest thereon, and that the rate of interest in Tennessee at the time plaintiff paid said sum of money was six per cent per annum.

To this complaint the defendant demurred, on two grounds: 1. Because the same does not state facts sufficient to constitute a cause of action; and 2. Because the action has not been commenced within the time limited by the code.

The defendant had judgment on the demurrer, and the plaintiff appealed.

1. The only question presented on the appeal by counsel for appellant was the one suggested by the second objection taken by the demurrer, and to that our examination here will be confined.

Section 6 of Hill's Code fixes the limitation for this class of actions at six years. It is therefore barred, unless it is excepted out of the statute by some one of the saving clauses therein. This was conceded upon the argument by appellant's counsel, but they claimed that the right of action, under the facts disclosed by the record,

was saved by section 16 of Hill's Code. That section is as follows:—

"Sec. 16. If when the cause of action shall accrue against any person, who shall be out of the state or concealed therein, such action may be commenced within the terms herein respectively limited after the return of such person into the state or the time of his concealment, and if, after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action."

The cause of action accrued against the defendant when the plaintiff, as his surety, paid the promissory note to McDaniel on the tenth day of February, 1870. At that time the defendant was a resident of this state. Conceding, then, that a person who had not previously resided in this state "returns" to it, within the meaning of said section, when he removes from another state and takes up his residence here, the case is not brought within the first saving clause of the section, for the reason that when the action accrued the defendant was not "out of the state."

But the real question remains, and that is, Was the defendant "concealed" in this state when the cause of action accrued to the plaintiff in the state of Tennessee?

It cannot be overlooked that the plaintiff has failed to allege in his complaint that the defendant when said cause of action accrued was "concealed" in this state; nor is it alleged that after the cause of action accrued the defendant concealed himself so as to bring the case within the last saving clause of the section.

The only facts relied upon to show concealment in this state must be gathered from the complaint. They are, that shortly after said note was made, the defendant clandestinely left the state of Tennessee and never returned;

that plaintiff made diligent inquiry of his neighbors and other persons to find the whereabouts of said defendant, but entirely failed to find his whereabouts until within six months prior to the commencement of this action; that from the time the defendant left said state of Tennessee, where the plaintiff was and is now residing, until within the last six months, the plaintiff did not know the whereabouts of said defendant, although he made diligent search and inquiry for the same. Webster defines the word "conceal" to hide, or withdraw from observation; to cover or keep from sight, as a party of men *concealed* behind a wall.

It does not appear that the defendant did anything after his removal to this state whereby his identity or place of residence should be concealed, or kept secret, or hidden. In the absence of any statement to the contrary, and such is no doubt the fact, he lived openly in the community where he had fixed his residence in this state, without any effort or attempt in any way to baffle search or inquiry. These facts do not constitute *concealment* within the meaning of that term as used in our statute.

In *Frey* v. *Aultman*, 30 Kan. 181, the supreme court of Kansas gave a construction to the word "conceal" used in the statute of limitations of that state.

It appeared that the defendant had formerly resided in Iowa, that he absconded from that state and settled in Kansas, and that the plaintiff made reasonable efforts to find him, but failed. In passing on the question the court said: "We think the word 'conceal' contemplates some action here; that he passes under an assumed name, has changed his occupation, or acts in a manner which tends to prevent the community in which he lives from knowing who he is or whence he came. It cannot be doubted that the legislature has the power to make the statute of

limitations absolute, and without any exceptions on account of concealment; and when we remember that this statute has no extraterritorial force, and therefore contemplates acts and conduct of the party within our limits, it would seem difficult to say that a man, who, going under his own name, lives in a community in as open and public a manner as any other citizen in the same line of business, is concealing himself from the service of process within this state." This construction is decisive of this case.

Counsel for appellant rely very much upon *Herman* v. *Hooker*, 73 Mo. 622; *Nelson* v. *Beveridge*, 21 Mo. 22; *Wells* v. *Halpin*, 59 Mo. 92; and some other like cases were cited by appellant, but they do not support his contention.

The Missouri statute under which their decisions were made provides: "If any person, by absconding or concealing himself, *or by other improper act*, prevent the commencement of an action, such action may be commenced within the time herein limited after the commencement of such action shall have ceased to be so prevented."

These Missouri cases seem to turn more upon the effect of absconding or other improper conduct mentioned in the statute of that state than they do upon the concealment.

Indiana has a statute of limitations in criminal cases which precludes the accused party from availing himself of its benefits where he "conceals the fact of the crime." In construing that statute, the court held that the concealment must be the result of positive acts done by the accused and calculated to prevent the discovery of the fact of the commission of the offense of which he stands charged. (*Jones* v. *State*, 14 Ind. 120.) And this rule was applied and followed in a civil case. (*Stanley* v. *Stanton*, 31 Ind. 445.)

The point decided by this court in *McCormick* v. *Blan-*

*chard,* 7 Or. 232, does not arise here. In that case, at the time the cause of action accrued, all of the parties were residents of the state of Illinois, and so continued until about three years prior to the commencement of the action, since which time the respondent resided in this state.

It follows that the judgment appealed from was right, and must be affirmed.