## JOHN N. MYERS et al. v. CYNTHIA CENTER.

1. FRAUD — Concealment — Limitation of Action. The statute of lim-
itations does not begin to run against an action for relief on the
ground of fraud until the fraud is discovered by the party aggrieved.
But where this exception is relied on, and the plaintiff's petition
shows that the fraud was consummated more than two years before
the commencement of the action, it is incumbent on him to allege
that he did not discover the fraud until within the two-year period
of limitation, in order to take it out of the operation of the statute.
An allegation that he did not find the whereabouts of the defendant
is not equivalent to an averment of a failure to discover the fraud.

2. ——— "Absconding and concealing," as used in § 21 of the civil
code, refers to the acts of the party within this state. (Hoggett v. Em-
erson, 8 Kas. 262; Frey v. Aultman, 30 id. 181.)

*Error from Sedgwick District Court.*

THE opinion states the facts. Judgment for defendant,
Center, on March 21, 1889. The plaintiff Myers and seven
others bring the case here.

C. H. Chitty, and Sankey, Campbell & Amidon, for plain-
tiffs in error.

Stanley & Hume, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiffs, who are alleged to be the sole heirs at law of Francis Myers, deceased, who died intestate in April, 1869, brought this action in the district court of Sedgwick county against the defendant, Cynthia Center, who was formerly the wife of Francis Myers, deceased, asking for relief on account of the fraud of the defendant. The petition was in two counts, in which it was substantially alleged that Francis Myers and the defendant were married to each other in Indiana in 1852, and lived together as husband and wife until the fall of 1859; that in 1858 or 1859 Francis Myers sold his farm and other property and with the defendant moved to Iowa; that in the fall of 1859 Francis Myers was taken sick, and while he was confined to his bed his wife secretly absconded, taking with her a team and wagon of the value of $400, and $1,600 in money, the property and money of her husband; that she "fled from the state of Iowa, and soon thereafter changed her name, and removed from place to place, so that the said Francis, during his life-time, although making diligent search therefor, was unable to learn where she had gone, or her place of residence; that said Francis Myers died in April, 1869, without having heard from defendant, or knowing where she had gone; that plaintiffs, after the death of said Francis Myers, were unable to learn of the whereabouts of the defendant until within the past two years." It is alleged that the defendant has invested the money so obtained from time to time in real property situated in Sedgwick county, Kansas, and that such property in fact belongs to the plaintiffs, who are the sole heirs of Francis Myers, who died intestate in Iowa, leaving no debts. In one count the plaintiffs ask that defendant be declared to hold the property in trust for them, and to account for the rents and profits of the same, and that she be required to convey the property to the plaintiffs. In the other count they ask for judgment against her for the sum of $2,000, with 7 per cent. annual interest thereon from October, 1859. The defendant demurred to the

petition, upon the grounds that the action was barred by the statute of limitations; that it did not state facts sufficient to constitute a cause of action; and that the plaintiffs are not the proper parties to sue, nor the real parties in interest. The demurrer was sustained by the court, and the plaintiffs electing stand to upon their petition, judgment was rendered against them for costs.

The ruling on the demurrer was correct. The causes of action which the plaintiffs attempted to state are manifestly based on the fraud of the defendant, and, if they ever existed, are barred by the statute of limitations. Such an action can only be brought within two years after the cause of action shall have accrued. (Civil Code, § 18, subdiv. 3; *Young v. Whittenhall*, 15 Kas. 579; *Main v. Payne*, 17 id. 608; *Doyle v. Doyle*, 33 id. 721.) The averments of the petition disclose that the fraud was consummated over 30 years ago, but the plaintiffs rely upon the exception that the cause of action does not accrue until the discovery of the fraud. As it was apparent upon the face of the petition that the fraud was consummated and that the cause of action was complete in 1859, it devolved upon the plaintiffs to plead this or any other exception which would take the case out of the operation of the statute of limitations. (*Young v. Whittenhall*, supra.) The averments of the petition show not only the commission of the fraud, but that it was discovered soon afterward by Francis Myers, in his lifetime, as it is alleged that he made diligent search to find her, but that he died in 1869 without finding her or the property which she carried away. It is the failure to discover the fraud, and not the inability to find the person who has committed the fraud, which gives rise to the exception that has been mentioned.

The plaintiffs also claim that the allegation that the defendant absconded and concealed herself brings the case within the exception provided in § 21 of the civil code. It is not enough to establish an exception that the defendant absconded from Iowa, or concealed herself elsewhere than in Kansas. "The words absconding and concealing as used in that section refer

to the acts of the party in this state." (*Frey v. Aultman*, 30 Kas. 182; *Hoggett v. Emerson*, 8 id. 262.) It is not stated in the petition when the defendant came to Kansas, nor are there any averments of acts or efforts on her part to conceal her whereabouts since she came to Kansas. It is stated that she left the state of Iowa, changed her name, and removed from place to place, so that Francis Myers during his lifetime was unable to learn where she had gone, or her place of residence; but even these allegations, although insufficient to create an exception, do not apply to the plaintiffs. Francis Myers died in 1869, and there is no allegation that the defendant changed her name or place of residence since 1869. The mere general allegation that plaintiffs were unable to learn the whereabouts of the defendant until two years prior to the commencement of the action is of itself insufficient to bring it within the exception mentioned in § 21. If the concealment is such as is contemplated by that section, it devolved on the plaintiffs to clearly set forth the acts constituting the same, and, failing to state this, or any other exception, the petition was fatally defective, and the demurrer was rightly sustained. As this ground alone is sufficient to sustain the ruling of the court, it is unnecessary to examine the others.

The judgment of the district court will be affirmed.

All the Justices concurring.