JAMES TALCOTT v. SAMUEL F. BENNETT.

FILED NOVEMBER 5, 1896.    No. 6866.

Limitation of Actions: CONCEALMENT. The concealment or absconding which, under section 20 of the Code of Civil Procedure, suspends the operation of the statute of limitations, must be such as affects the commencement of judicial proceedings in Nebraska, and not those of another state.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*Bartlett, Baldrige & De Bord,* for plaintiff in error.

References: *Edgerton v. Wachter,* 9 Neb., 500; *Harper v. Pope,* 9 Mo., 403; *Harman v. Looker,* 73 Mo., 622; *Bobb v. Shipley,* 1 Mo., 229; *Scroggs v. Daugherty,* 53 Mo., 497; *Fike v. Clark,* 55 Mo., 155; *Thomas v. Black,* 22 Mo., 330; *Butler v. Lawson,* 72 Mo., 227; *Campbell v. Rowe,* 32 Neb., 345.

*Charles Offutt, contra.*

References as to what constitutes "absconding" or "concealment" within the purview of section 20 of the Code, relating to limitation of actions: *Hoggett v. Emerson,* 8 Kan., 262; *Frey v. Aultman,* 30 Kan., 181; *Myers v. Center,* 47 Kan., 324; *Minneapolis Harvester Works v. Smith,* 36 Neb., 616; *Harrison v. Union Nat. Bank,* 12 Neb., 499; *Sisson v. Niles,* 64 Vt., 449; *McDonald v. Underhill,* 10 Bush [Ky.], 584; *Crane v. Jones,* 33 Pac. Rep. [Ore.], 869; *Way v. Colyer,* 55 N. W. Rep. [Minn.], 744.

RYAN, C.

This action was begun in the district court of Douglas county for the recovery of judgment for the value of certain goods sold by the plaintiff to the defendant in the state of New York in November of the year 1869. The question involved was whether or not the statute of limitations of this state had barred plaintiff's alleged cause of action. On sufficient evidence the jury found specially that the defendant came to the state of Nebraska in December, 1878, and that on August 18, 1891, the commencement of this action, he could, for an aggregate period of four years, have been served with summons in the state of Nebraska. It was further specially found by the jury that the defendant had not concealed himself so that a summons could not be served upon him in this state since his coming therein to reside. There was a general verdict

Talcott v. Bennett.

for the defendant and from the judgment thereon plaintiff prosecutes error to this court.

Section 20 of the Code of Civil Procedure contains this language: "If, when a cause of action accrues against a person, he be out of the state or shall have absconded or concealed himself, the period limited for the commencement of action shall not begin to run until he come into the state, or while he is absconded or concealed." It is apparently not questioned by the plaintiff in error that under ordinary circumstances an action of the nature of this would be barred in four years if the defendant did not abscond or conceal himself; but the argument insisted upon is that, in this case, the absconding was from the state of New York, and the concealing by the debtor consisted in not furnishing his creditor with means of information as to his whereabouts. The jury found specially that the defendant might have been served with summons in Nebraska for the space of five years, and this is more time than our statute ordinarily allows for the commencement of an action on an account for the recovery of money. The absurdity of the construction insisted on by the defendant may be illustrated by a reference to another statutory provision. Section 198, Code of Civil Procedure, provides that if a debtor conceals himself so that a summons cannot be served upon him, the plaintiff may have an attachment against the property of such defendant. If the same rule of construction is applicable to this section of the Code of Civil Procedure as plaintiff contends should be applied to section 20, there is no one residing in this state indebted to a creditor resident in another state who can avoid an attachment against his property, obtained on the ground of concealment so that a summons cannot be served in the state wherein his creditor resides. As clear as this seems upon principle and upon analogy, it has required consideration for its settlement by the supreme court of Kansas, wherein it has been held that the absconding or concealment must be with reference to judicial proceedings in that state. (*Hoggett*

*v. Emerson*, 8 Kan., 262; *Frey v. Aultman*, 30 Kan., 181; *Myers v. Center*, 47 Kan., 324.) This construction we think the only one of which our statute is susceptible. There is found no error in the record and the judgment of the district court is

AFFIRMED.