## CONCEALMENT BY A DEBTOR OF HIS WHEREABOUTS.

Common Pleas Court of Franklin County.

### NELSON MORRIS & CO. v. WILLIAM CISLER.

Decided, 1908.

*Debtor and Creditor—Burden of Showing Concealment by the Debtor—
Statute of Limitations not Tolled, Unless—Section 4989.*

Mere ignorance of the whereabouts of a debtor who is not absent from
the state does not toll the statute of limitations as applied to an
action on an account, but the burden is on the creditor to show
affirmative acts on the part of the debtor which prevented a
discovery of his whereabouts.

*F. C. Rector,* for plaintiff.
*C. D. Saviers,* for defendant.

BIGGER, J.

It is clear that the statute of limitations bars an action on
this account unless the proof shows that the defendant concealed
himself for such a length of time as that, deducting it from the
whole time, it will save the action from the bar. On this the
plaintiff has the burden, as it is new matter in avoidance. *Lind-
say* v. *Maxwell,* 4 N. P., 354.

The defendant was not absent from the state. Does the evi-
dence show he concealed himself? Concealment means some
affirmative act on his part which would prevent the plaintiff
from discovering his whereabouts. Mere ignorance of his where-
abouts is not sufficient. 19 Am. & Eng. Enc. Law (2d Ed.),
213; *Frey* v. *Aultman,* 30 Kan., 181; *Rhoton* v. *Mendenhall,*
17 Ore., 199.

The case of *Sullenberger* v. *Gest,* 14 Ohio, 205, was decided
under a dissimilar statute. That statute (29 O. L., 214; see
Rev. Stat., 4989) provided that if a person removed "to parts
unknown," it would toll the statute. The proof does not show
the statute was tolled in this case.

The finding of the court is that the action is barred by the
statute and judgment must be rendered for the defendant.