[No. 12593.    Department One.    August 11, 1915.]

NORTHERN COMMERCIAL COMPANY, *Appellant*, v. BIG FOUR TRADING COMPANY *et al.*, *Respondents.*[1]

LIMITATION OF ACTIONS—RUNNING OF STATUTE—CONCEALMENT OF DEFENDANT. The statute of limitations is not tolled by the "concealment" of the defendant in this state, within the meaning of Rem. & Bal. Code, § 168, tolling the statute of limitations as to actions that accrue against any person who shall be out of the state or "concealed" therein, where it appears that the defendant, the maker of a note, executed at C. in Alaska, lived at C. for two years after the note became due, and then went to other parts of Alaska where he did business in his own name, and came to this state three years after the note became due, where for eleven years he resided in an open manner known to his neighbors by his true name only.

SAME—RUNNING OF STATUTE—REVIVAL—PART PAYMENT. Where judgment upon a partnership note was entered against the partnership and one of the partners personally, his partial payment of the judgment is a payment on the judgment and not on the note, and does not revive the obligation against a partner not served in the action, after the statute of limitations had run upon the note, in the absence of express authority to make such a payment.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 31, 1914, upon findings in favor of the defendants, in an action on a promissory note, tried to the court. Affirmed.

[1]Reported in 150 Pac. 1151.

*Davis & Palmer*, for appellant.

*Arctander & Jacobsen*, for respondent.

MOUNT, J.—This action was brought to recover upon a promissory note executed by the Big Four Trading Company at Council City, Alaska. The defense was the statute of limitations. The case was tried to the court without a jury. Findings were made to the effect that the action was barred, and an order of dismissal was entered. The plaintiff has appealed.

The facts are substantially as follows: From the year 1900 to the spring of 1902, Charles Lubbe, Edmund Thomasson, Peter T. Nelson, and E. G. Lubbe, were doing business as a partnership at Council City, Alaska, under the name of Big Four Trading Company. On June 19, 1901, the note in question was executed by Charles Lubbe, one of the partners. The note was due on June 15, 1902. Prior to the time the note became due, Peter T. Nelson sold his interest in the partnership and retired therefrom. Mr. Nelson continued to reside in Council City after the dissolution until the year 1904. In that year he went to Fairbanks, Alaska, where he lived until August, 1905, being engaged in business in his own name. In August he went from Fairbanks to Nome, Alaska, remained there a short time, and in October went from Nome to Seattle, in this state, where he arrived the latter part of October, 1905. After arriving in Seattle, he was engaged in business for a little more than a year. He then moved onto a farm in King county, where he has ever since resided.

In August, 1906, the appellant brought an action upon this same note against the partnership in the United States District Court for Alaska. This respondent, Peter T. Nelson, was not served with process in that action. Afterwards a judgment therein was rendered against the Big Four Trading Company, and the partners Edmund Thomasson and Charles Lubbe, who had been personally served therein.

Subsequently, on December 30, 1912, Charles Lubbe paid $2,500 upon that judgment. Afterwards, on April 11, 1913, this action was brought in this state, and service was had upon Peter T. Nelson on April 11, 1913, or about 11 years after the note became due, and more than seven years after Mr. Nelson began his residence in this state.

The appellant contends that the action is not barred by the statute of limitations for two reasons: First, because the appellant did not know the whereabouts of the respondent Peter T. Nelson prior to the time the action was brought; and second, that the action was revived by the payment of $2,500 by Mr. Lubbe in Alaska.

The statutes of this state provide at § 157, Rem. & Bal. Code (P. C. 81 § 55), that an action upon a contract in writing must be commenced within six years. Section 168, upon which the appellant relies, provides as follows:

"If the cause of action shall accrue against any person who shall be out of the state or concealed therein, such action may be commenced within the terms herein respectively limited after the return of such person into the state, or after the time of such concealment  .  .  ."

It is contended by the appellant that, because Mr. Nelson left the territory of Alaska without informing the appellant where he was going, and because the appellant did not know where Mr. Nelson was residing, he was therefore concealed, within the meaning of the statute, and that the statute of limitations for that reason has not run. *Harman v. Looker*, 73 Mo. 622, is cited in support of this contention. It is claimed that the statute of Missouri is identical with our statute, above quoted, and that the facts in this case are identical with the facts in the Missouri case. We think the Missouri case cited is distinguishable from the case at bar upon both the facts and the law. In the Missouri case, the debtor secretly abandoned his home and removed to another state. The facts in this case show that the respondent lived in Alaska in the town where the note was made for two

years after the note became due.  He then went to other parts of Alaska and remained there for a time, and did not come to this state until three years after the note became due.  We think the facts in this case fail to show any clandestine or secret removal from Alaska to this state.  The statute of Missouri upon the subject under consideration is different from the statute of this state.  The case of *Harman v. Looker*, 73 Mo. 622, *supra*, was referred to in *Rhoton v. Mendenhall*, 17 Ore. 199, 20 Pac. 49, where the court said:

"The Missouri statute under which their decisions were made provides: 'If any person, by absconding or concealing himself, *or by other improper act*, prevent the commencement of an action, such action may be commenced within the time herein limited after the commencement of such action shall have ceased to be so prevented.' "

Our statute provides only for being out of the state, or for concealment therein.  The record in this case shows, and it is conceded in the brief of the appellant, "that since coming into the state of Washington the respondent has resided in an open manner, and has been known to his neighbors under his true name and none other;" and the evidence clearly bears out that statement.  We think it cannot be said, under the conceded facts in this case, that the respondent, since coming to this state, has concealed himself in any way.  It is plain, therefore, that the action was barred in this state after the lapse of six years.  This view is supported by the case of *Rhoton v. Mendenhall*, *supra*, and the following cases: *Frey v. Aultman, Miller & Co.*, 30 Kan. 181, 2 Pac. 168; *Talcott v. Bennett*, 49 Neb. 569, 68 N. W. 931; *Miller v. Lesser*, 71 Iowa 147, 32 N. W. 250; *Engel v. Fischer*, 102 N. Y. 400, 7 N. E. 300, 55 Am. Rep. 818.

It is next contended that the payment of $2,500 on December 30, 1912, revived the action.  It is not shown that the respondent Nelson knew of this payment, or authorized it.  The payment was made upon a judgment which was ob-

tained personally against Mr. Lubbe.   The respondent Nelson had not, for a period of more than ten years, been a member of the Big Four Trading Company.   There is no showing that he either advised or counseled the payment, or even knew about its being made.   It was made upon the judgment by a judgment debtor, and not upon the note.   In *Perkins v. Jennings*, 27 Wash. 145, 67 Pac. 590, we said:

"In *Stubblefield v. McAuliff*, 20 Wash. 442 (55 Pac. 637), this court adopted the rule that one of two co-obligors cannot make a promise that will revive or continue an obligation as against the other, without express authority so to do.   This rule was also followed in *Bassett v. Thrall*, 21 Wash. 231 (57 Pac. 806).   The case of *Stubblefield v. McAuliff*, *supra*, was cited approvingly in recent decisions from this court not published, and the doctrine above stated must now be considered as the settled rule of this court."

It is plain, therefore, that the payment of $2,500 by Mr. Lubbe upon a judgment against him, did not revive the obligation against Peter T. Nelson, the respondent here, without a showing of express authority so to do.   No attempt was made to prove any such authority.

The judgment must be affirmed.

MORRIS, C. J., MAIN, ELLIS, and HOLCOMB, JJ., concur.